### EDMUND H. TAYLOR V. JAMES M. MASON.

28 381
51 784

1. CASE-MADE; *Practice.* Where, after trial, a judgment is entered and sixty days given in which to make a case, and within sixty days a case is made and served and amendments suggested, *held,* that supplementary proceedings had after the service of the case and suggestions, and after the expiration of the sixty days, cannot be incorporated into that case-made, but must be preserved by a new case-made or bill of exceptions.

2. CASE-MADE; *Query.* Where a case is tried before a regularly-elected judge and time given to make a case, which time expires more than six months before the expiration of the term of office of such judge, and the case-made is in fact served and suggestions made within the time given, *query,* has such judge, after the expiration of his term of office, authority to settle and sign such case-made?

3. AGENCY, *Proof of; Error Cured.* While agency cannot be proved by evidence of the declarations of the alleged agent, yet where during the trial the fact of agency is established by the testimony of both principal and agent, *held,* that any error in the prior admission of evidence of the declarations of such agent is removed. The mere order in which testimony is admitted is a matter largely within the discretion of the trial court.

### *Error from Wyandotte District Court.*

ACTION brought by *Mason* against *Taylor,* to recover for professional services. Trial at the April Term, 1881, of the district court, and judgment for plaintiff. The defendant brings the case here. The opinion states the facts.

*D. B. Hadley,* for plaintiff in error.

*James M. Mason,* defendant in error, *pro se.*

The opinion of the court was delivered by

BREWER, J.: Defendant in error commenced an action in the district court of Wyandotte county, to recover the sum of $300 for professional services in examining titles, preparing abstracts, etc. He recovered a verdict and judgment for $150, and the defendant, as plaintiff in error, brings the case here for review. He has attempted to bring the proceedings here in a case-made, and the sufficiency of this case-made is

challenged by defendant in error.   The judgment was ren-
dered April 20, 1881, and sixty days were given to make a
case.   The service of the case was acknowledged June 16,
1881, and service of suggestions of amendments June 18, 1881.
After the acknowledgment of service the record contains what
purport to be proceedings for the appointment of a receiver,
and the sale of certain lots — all transpiring between August
8, 1881, and December 21, 1881.   All the proceedings in
the case, including the trial and the subsequent matter of
receivership and sale, were had before Hon. Hiram Stevens,
the regular judge of the district, whose term of office expired
in January, 1882.   The record contains no order giving time
for making a case as respects the proceedings subsequent to
the trial.   After December 21, 1881, the only thing appear-
ing is the following certificate of Hon. Hiram Stevens, then
ex-judge, and of date April 12, 1882:

"The above and foregoing contains a full and complete
statement of all the proceedings, rulings, judgments, orders
and evidence in the said district court for said county of
Wyandotte, Kansas; and the judge of said court is respect-
fully requested to sign the same, as a true case-made for the
supreme court, which is accordingly done this 12th day of
April, 1882.                              HIRAM STEVENS,
          "*Late Judge Tenth Judicial District, Kansas.*"

There is no other certificate or authentication by the clerk
of any portion of the record, it coming to us simply as a
case-made upon the certificate of Judge Stevens.   Besides
this, the plaintiff in error has filed notices dated and served
April 3d, and April 8th, 1882, of an intention to present the
case and amendments for settlement.   Now upon this we re-
mark that none of the proceedings subsequent to the trial
and judgment, are properly preserved for review.   These
proceedings terminated on December 21, 1881.   The time
for making a case was not extended.   No case containing
these proceedings was ever served, and the first thing that
appears after December 21, is the notice on April 3 that
the case would be presented for settlement.   Now the code

(§ 548) requires that a case-made should be served within three days unless the time therefor be extended. The order of April 20, 1881, giving sixty days to make a case, spent its force when on the 16th and 18th days of June following the case-made was served and amendments suggested. The proceedings had thereafter, and after the expiration of the sixty days granted by the original order, could not properly be incorporated into that case. Whatever took place subsequently would have to be preserved by a bill of exceptions or a new case-made. Counsel for plaintiff in error files an affidavit stating that he caused a bill of exceptions to be made and signed in December, 1881, but that such bill of exceptions has been lost or stolen. This fact, however, would not authorize the incorporation of these subsequent proceedings into the prior case, nor the making of a case after the time prescribed by statute. We may therefore disregard entirely any questions arising upon the proceedings subsequent to the trial. It is also at least doubtful whether any case-made was properly authenticated. The judgment was in April, 1881, and sixty days were given to make a case. This time would expire in June, 1881. Hon. Hiram Stevens was then judge, and remained so until January, 1882, more than six months after the time fixed for making the case had expired. The case-made does not appear to have been signed until April, 1882, three months after the expiration of Judge Stevens's term of office, and is signed by him as ex-judge. The provision of the statute applicable to cases of this kind is found in § 549, and reads: " In all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire *during the time fixed for making or settling and signing a case,* it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired."

Now, as Judge Stevens's term of office did not expire until more than six months after the time fixed for making a case, and indeed after the case had been made and served and amendments suggested, it may well be doubted whether his

authority to act in the matter did not end with the expiration
of his term of office. We know that the statute in the same
section provides that the case-made shall be settled and signed
by the judge who tried the cause, and it has been held that
independent of any statute the judge who tried a cause has
authority after his term of office to settle and sign a case-
made. (*Thurber v. Ryan*, 12 Kas. 453, and cases cited therein
from the supreme court of Wisconsin.) But still it is ques-
tionable, at least, whether, where the statute has made special
provision for the signing and settling of cases-made by the
trial judge after the expiration of his term of office, he can
act in any other way or under any other circumstances than
those named in the statute. We shall not, however, decide
this question definitely, for we do not consider any of the ob-
jections taken to the proceedings on the trial as well founded.

The only two matters of error alleged are: *First,* that the
court improperly permitted an agency to be proved by evi-
dence of the statements of the agent; and *second,* that the
verdict is not sustained by the evidence. Neither of these is
well founded. It appears from the evidence that Taylor
lived in Kentucky, and Mason, the plaintiff, in Wyandotte.
In October, 1879, one Trabue, a lawyer from Kentucky,
called upon Mason at his office in Wyandotte and employed
him to do some work for the benefit of the defendant, and
the conversations of Trabue at that time with Mason were
testified to by Mason; but the fact that Trabue was an agent
of defendant was proved by the depositions of both Trabue
and defendant. It is true Mason's testimony was given be-
fore the depositions were read, but the mere order of the tes-
timony is a matter largely within the discretion of the court,
(*Brown v. Holmes*, 13 Kas. 482,) and as the depositions were
on file when Mason gave his testimony, and were afterward
read in evidence, the court did not commit any error in re-
fusing to rule out Mason's testimony as to Trabue's state-
ments. Of course a different question would be presented if
those depositions had not been offered in evidence. But
where the fact of agency is during a trial established by the

testimony of both the principal and the agent, any question as to a prior ruling admitting in evidence statements of such agent is settled in favor of the correctness of such ruling.

We think also there was sufficient evidence to sustain the verdict of the jury. That Trabue was an agent of the defendant is clear, and also that Trabue as such agent employed Mason to do some work. The only doubt is as to the extent of the agency and the extent of the employment; and upon those two questions of fact we think there was sufficient testimony to go to the jury and to sustain their verdict. These being the only two matters complained of, and in them appearing no error, the judgment must be affirmed, and this irrespective of the question whether any of the proceedings of the trial court have been properly preserved for review.

All the Justices concurring.