EBY, DOWDEN & CO. v. B. M. WINTERS.

51   777
|d55   507.

1. DEPOSITION—*Objection, not Good.* Where a witness does not reside in the county where the trial of a civil action is to be had, and his deposition is regularly taken in the county of his residence, and filed in the district court of the proper county, it is not a good objection, when the deposition is offered to be read, for the opposing party to merely state "that the witness has been in attendance upon the court, and is at present, it is believed, on his way to the place of trial."

2. BILL OF SALE, *Competent Evidence to Sustain.* Where there is a controversy between a plaintiff and defendant over a bill of sale of personal property—the plaintiff contending that he made an absolute sale of the property, and the defendant claiming that he accepted the bill of sale as a chattel mortgage, or security only—it is competent to show by a witness that the defendant has sold the property, or a part thereof, as his own, to support the contention of the plaintiff.

3. WRITTEN INSTRUMENT — *Record—Certified Copy as Evidence.* Where it is shown by a plaintiff that a written instrument authorized to be filed for record in the office of the register of deeds has been exe- cuted and delivered to the defendant, and then subsequently filed for record by him, a certified copy thereof from the officer having the legal custody of the same, under his official seal, may be given in evidence by the plaintiff with the same effect as the original, because it will be presumed, in the absence of other proof, that the original is not in his possession or under his control, but is in the possession or under the control of the defendant, who is entitled to the same and to whom it was delivered.

*Error from Edwards District Court.*

ON the 18th day of November, 1887, B. M. Winters exe- cuted and delivered to Eby, Dowden & Co. the following written instrument:

"Know all men by these presents, that, in consideration of

$600, the receipt of which is hereby acknowledged, I do grant, sell, transfer and deliver unto Eby, Dowden & Co., their heirs and assigns, the following goods and chattels, viz.: All my right, title and interest in and to a certain one-story frame store building, situated on lot No. 27, in block No. 37, in the town of Mullinville, Kiowa county, Kansas, subject to a mortgage of $300 held by Kinsley Exchange Bank, of Kinsley, Kansas, to have and to hold all and singular the said goods and chattels forever; and the said grantor hereby covenants with the said grantee that he is the lawful owner of said goods and chattels, and that they are free from all incumbrances, except as above stated; that he has a good right to sell the same as aforesaid, and that he will warrant and defend the same against the lawful claims of all persons whomsoever. In witness whereof, the said grantor has hereunto set his hand, this 16th day of November, A. D. 1887.

                                        B. M. WINTERS.
"Executed in the presence of John Foran."

This was filed for record on the 19th day of November, 1887, in the office of the register of deeds of Kiowa county. On the 14th day of January, 1888, B. M. Winters brought his action against Eby, Dowden & Co. to recover $600 and interest upon the written contract of the 18th of November, 1887. The claim of the parties to the action is, on the part of Winters, that the bill of sale or written agreement represented an absolute sale of the frame store building to Eby, Dowden & Co., for which they were to pay him $600. The contention of Eby, Dowden & Co. is that Winters, being indebted to them in the sum of about $860, gave the bill of sale as security only for their debt. Trial before the court with a jury, at the May term, 1889. The jury returned a verdict for Winters for $664.05, and judgment was entered accordingly. Eby, Dowden & Co. excepted to the rulings of the trial court and the judgment rendered, and bring the case here.

*John W. Rose,* for plaintiffs in error:

The court erred in allowing the deposition of John W. Moyle to be read in evidence, when he was present in the court room at the time, over the objections of the plaintiffs in

error. I think this objection to the whole deposition was good. There is no provision of law that I am aware of that would permit the deposition of the witness to be read, in the first instance, where the witness was present personally. Gen. Stat. of 1889, ¶¶ 4441, 4455; (Code, §§ 346, 360.) The court knew that the witness Moyle was present, and over-ruled our objection. This was certainly error, which was prejudicial to the plaintiffs in error.

The court erred in not sustaining the objection of plaintiffs in error to questions 3 and 5 in the deposition of John W. Moyle, the objection to question No. 3 being on the ground that it is leading, incompetent, irrelevant, and immaterial.

The court erred in allowing the copy of the deed attached to the deposition of John W. Moyle to be introduced in evidence over the objections of plaintiffs in error, to which ruling they at the time excepted, the defendant objecting to the deed attached, for the reason that it is incompetent, and is not the best evidence. From ¶ 4467 of the General Statutes of 1889, it is seen that before any copy of the deed is competent it must be first shown that the original is not in the possession or under the control of the party desiring to use the same. There was absolutely not one word of evidence introduced to show that the defendant in error did not have in his possession or under his control the original deed, and under this statute it was certainly error to permit the copy to be introduced in evidence. See *West v. Cameron*, 39 Kas. 739; *Williams v. Hill*, 16 id. 23; *Marshall v. Shibley*, 11 id. 117; *C. B. U. P. Rld. Co. v. Walters*, 24 id. 509, 510; *Brock v. Cottingham*, 23 id. 383; *City of Waterville v. Hughan*, 18 id. 473; *Shaw v. Mason*, 10 id. 184.

The court erred in charging the jury as follows:

"If you find from all the evidence in this case that this bill of sale made by Winters to these defendants was a bill of sale representing an absolute sale of this property from Winters to Eby, Dowden & Co., then you should give to Winters a verdict of $600, with interest on it from the time the purchase money was due."

This instruction was misleading. It tells the jury that if this bill of sale was an absolute sale, then they are to find a verdict against the plaintiffs in error for $600, with interest on it from the time the purchase money was due. This instruction does not certainly state the law. It leaves nothing for the jury to find except whether this was an absolute sale or one intended simply as security. They were not left to ascertain what the amount was in case they found an absolute sale, but the court told them in that instruction they were to find a verdict for $600 and interest in case they found this was an absolute sale.

*H. C. Johns,* and *Thos. W. Johns,* for defendant in error:

In any point of view, under the objections made to Moyle's deposition when it was offered in evidence, it was competent, and its admission was legal and proper. But if the admission of the Moyle deposition had been technical error, the defendants below put Moyle on the witness stand as their own witness, when they came to their defense, and had the benefit of all his testimony in the case. So, if error at all, it was harmless error. *Pate v. Fitzhugh,* 46 Kas. 129; *Chellis v. Coble,* 37 id. 558; *A. T. & S. F. Rld. Co. v. Collins,* 47 id. 11; *Woodman v. Davis,* 32 id. 344; *Redfield v. Redfield,* 75 Iowa, 435; *Mut. Ben. Soc. v. Lackland,* 97 Mo. 137; same case, 10 Am. Rep. 298.

The case of *Fullenwider v. Ewing,* 30 Kas. 21, does not sustain the position of plaintiffs in error. It seems the paper offered in evidence was called the affidavit of Laura J. Ewing; that the objection, among others, to the introduction of this paper was, that Laura J. Ewing was then present in court, under a subpœna, and that her oral testimony could be taken in the case, which was the fact. In the case at bar, the objection was, that the witness Moyle was in Edwards county, and "believed to be on his way to this place," coming on a telegram, merely, from defendants below, and without a subpœna. In *Waite v. Teeters,* 36 Kas. 606, this court says:

"The mere fact that the witness was temporarily in or

passing through the county on the day of trial, is no objection to the reading of his deposition that had been regularly taken."

See, also, *Moore v. Brown*, 23 Kas. 269.

After the deposition of Moyle had been read to the jury, (as it had been, as a matter of fact,) defendants below objected to question No. 3, on the ground of its being leading, incompetent, irrelevant, and immaterial. This objection came too late, and the court properly overruled the objection. We submit that it is a competent, relevant and material question, and that the objection is without merit. If the question be leading, it is not reversible error. See *Ayres v. Probasco*, 14 Kas. 175; 1 Greenl. Ev., § 435; Shars. Starkie, Ev., 9th ed., 152, note 1; 1 Whar. Ev., § 500, and notes; *Fire Ins. Co. v. Bair*, 87 Pa. St. 124; *Moody v. Rowell*, 17 Pick. 498; *Walker v. Dunspaugh*, 20 N. Y. 170.

Plaintiffs in error allege error in the court below because of the introduction of the copy of the deed with Moyle's deposition as a part of his deposition. All the objection made before the reading of the copy of the deed did not amount to even a general objection, which this court holds is not available in error. *Smith v. Leighton*, 38 Kas. 544.

To treat the question fairly, it is obvious, and must be so admitted, that it does not call for the contents of the deed nor for conclusions, but for independent facts — the interest sold and amount paid for it. This was competent. At most the question comes within the rule of collateral writings, where the deed, agreement or paper between the parties is collateral to the question in issue. In every such instance oral testimony may be given of the primary independent facts. See 1 Greenl. Ev., §§ 89, 90; *Executor etc. v. Hackman*, 37 Pa. St. 87, 93.

Plaintiffs in error cite a number of authorities. In *West v. Cameron*, 39 Kas. 739, a record copy of a deed was admitted in evidence, when it was admitted at the time the deed was in the possession and under the control of the plaintiff. It was held error. But that case is distinguishable

from this. The other cases cited in the brief of plaintiffs in error are not conclusive of the question.

In any point of view, the admission of the copy of the Moyle deed was immaterial and without substance, as the verdict of the jury and judgment of the court are not founded upon the copy of the deed. The fact that the consideration in the deed was the half interest in lot 27, valued at $400, is entirely immaterial, so far as the right of plaintiff below to recover was in any way involved in the case. *A. T. & S. F. R'd. Co. v. Collins*, 47 Kas. 11.

Under the evidence submitted to the jury, if they found the sale was an absolute one, there could be no question as to the right of Winters to recover the $600 and interest thereon; and the instruction of the court, that if they so found they should find for Winters $600 and interest, was proper. *Coal Co. v. Sweeney*, 15 Kas. 244. See, also, 34 N. J. L. 518; 71 N. C. 451; 94 U. S. 284; 10 Wall. 637; 68 Pa. St. 99; 66 id. 22; 64 id. 201; 4 Ex. Ch. 34.

The opinion of the court was delivered by

Horton, C. J.: It is contended that the court erred in permitting the deposition of J. W. Moyle to be read in evidence. When the deposition was offered, Eby, Dowden & Co. objected, "upon the ground that the witness is at present in the county of Edwards; that he has been in attendance at the court as a witness, and that he is at present, it is believed, on his way to this place [Kinsley]." The court overruled the objection, and an exception was taken. The deposition was then read, and two questions were objected to, one because it was leading, incompetent, and irrelevant, and the other solely upon the ground that it was leading. After the deposition had been read, an offer was made to prove that, at the time of the reading of the same, the witness Moyle was present in the court room. The plaintiff admitted his presence.

The trial court committed no error in permitting the deposition to be read. It was taken in Kiowa county, and shows

that J. W. Moyle is a resident of that county. Of course, he could not be compelled to attend for examination on the trial in Edwards county. (Civil Code, § 328.) The deposition of a witness may be used in a civil action when he does not reside in a county where the trial is had. (Civil Code, § 346.) When the objection was made to the deposition, no affidavit was presented showing that the witness was in the county, or that his immediate attendance at the court could be procured. After the deposition had been read, the court's attention was called to the presence of the witness in the court room; but it does not appear that the plaintiff below, or the trial court, had any knowledge of his presence until after the deposition had been read. After the reading of the deposition, Eby, Dowden & Co. produced Moyle as their own witness, and thereby had the benefit of his presence and evidence before the jury. (*Waite v. Teeters*, 36 Kas. 604.) In the case of *Fullenwider v. Ewing*, 30 Kas. 15, the court's attention was called to the presence of the witness, who had been subpœnaed, before the deposition was read.

The evidence of Moyle, that he sold to Eby, Dowden & Co. a lot, and received in payment an undivided one-half interest of the store building described in the bill of sale, tended to show that Eby, Dowden & Co. regarded the building as their own, and not one upon which they had a mortgage or lien merely. Moyle and wife, in payment of an undivided one-half interest in the store building described in the bill of sale, executed and delivered to Eby, Dowden & Co. a deed for an undivided one-half interest in a lot in Mullinville. Objection was taken to the introduction of a certified copy thereof, because it had not been shown that the original was not in the possession or under the control of Moyle or Winters; but as Moyle had delivered the deed to Eby, Dowden & Co., defendants below, it is to be presumed they had the possession thereof, and, therefore, that the original was not in the hands or under the control of either Moyle or Winters.

It is finally urged that the trial court committed error in instructing the jury that, if Winters made an absolute sale of

the mortgaged property to Eby, Dowden & Co., he was entitled to a verdict for $600, with interest. The principal controversy in the case was whether Winters sold his building, or gave the written instrument as a mortgage or security only. The jury evidently found that there was a sale. There was no conflicting evidence over the amount stated in the writing. Therefore the court committed no error in this or any other of its instructions.

The evidence is greatly conflicting, but, with the finding of the jury and the approval of the trial court, we cannot interfere. We have examined this case upon its merits, but it is doubtful whether it is entitled to such consideration. (*Taylor v. Mason*, 28 Kas. 381; *Railway Co. v. Corser*, 31 id. 705.)

The judgment of the district court will be affirmed.

All the Justices concurring.