Berry *v.* Hubbard.

Filed Oct. 14, 1892.

———————

No. 574.

BERRY *v.* HUBBARD.

FORCIBLE ENTRY AND DETAINER.—*When Action for Will not Lie.—Landlord and Tenant.—Unauthorized Letting by Landlord.*—The defendant was tenant from year to year of a farm, and during the continuance of the tenancy, the landlord let a certain field of the farm to the plaintiff, who sowed wheat in it, without the defendant's permission. At harvest time he was prevented by the defendant from going upon the field to harvest it. He instituted an action against the defendant for the possession of the field and for damages.

*Held,* that the action would not lie, as the defendant was but resisting an unauthorized invasion of his own possession.

PRACTICE.—*Proper Verdict Upon the Evidence.—Erroneous Giving or Refusal of Instructions.*—Where a verdict is clearly right upon the evidence, the judgment will not be disturbed because of the erroneous giving or refusal of instructions.

SAME.—*Exclusion of Evidence.—When Rulings Upon can not be Considered.—Assignment of Error.—Motion for New Trial.*—The rulings of the court in excluding certain evidence, when assigned as error, without having been included in the motion for a new trial, can not be considered on appeal.

From the Morgan Circuit Court.

*A. M. Cunning,* for appellant.

*J. H. Jordan* and *O. Matthews,* for appellee.

BLACK, J.—The appellant brought his action before a justice of the peace, alleging in his complaint that on, etc., he was in peaceable possession of land described, " has ever since been and still is entitled to the possession

Berry *v.* Hubbard.

thereof and the crop of wheat thereon; '' that the appellee on, etc., '' did, with strong hands and force of arms, unlawfully and forcibly enter into and upon said lands, and has ever since held and still holds the possession thereof with strong hands, unlawfully and forcibly, and that thereby the plaintiff has sustained damages in the sum of,'' etc.   Judgment for possession and for damages was demanded.

On appeal to the court below a jury returned a general verdict for the appellee, with answers to interrogatories.

The appellant's motion for a new trial was overruled, and this ruling is assigned as error.

The rulings of the court in excluding certain evidence are also assigned as errors; but, as has been decided very often, we can not examine such rulings, constituting causes for a new trial, or consider the argument of counsel concerning them when thus independently assigned as errors.

The questions presented by the motion for a new trial and the argument of counsel relate to the sufficiency of the evidence and the giving and the refusal of instructions.

The evidence showed that in 1873 the appellee became a tenant of a certain farm, and that the tenancy, which was from year to year, had not been terminated; that in the fall of 1890 his landlord let one field of this farm, the land here in controversy, to the appellant, who entered the field and plowed it and sowed wheat in it, not having permission to do so from the appellee.

At harvest time, in 1891, the appellant was about to go upon the field to harvest the wheat, when he was prevented from doing so by the presence of the appellee and his commands and threats of violence.   The evidence does not show that when the appellee thus forcibly resisted the appellant's attempted entry, the latter had right of possession or had been deprived by the appellee of

peaceable possession held under a claim of right; on the contrary it appears that the appellee was but resisting unauthorized invasion of his own possession. The evidence would not have upheld a verdict in favor of the appellant. *Archey* v. *Knight*, 61 Ind. 311; *Judy* v. *Citizen*, 101 Ind. 18.

The verdict being clearly right upon the evidence, we could not disturb the judgment because of the erroneous giving or refusal of instructions; and, therefore, it is unnecessary to examine the instructions given or those refused. *Wolfe* v. *Pugh*, 101 Ind. 293; *Morris* v. *State, ex rel.*, 94 Ind. 565.

The judgment is affirmed.

Filed Nov 15, 1892.