No. 1,161.

## Hubbard *v.* Berry.

REPLEVIN.—*Landlord and Tenant.—Emblements.—Harvested Wheat.*—
Where a subsequent tenant wrongfully entered upon a field of a prior tenant, before the expiration of prior tenant's lease, and sowed the field in wheat, and it has been adjudicated that the prior tenant had a right to the possession of the field at harvest time, the subsequent tenant has no right to the wheat.

From the Hendricks Circuit Court.

*E. G. Hogate, J. L. Clark, J. H. Jordan* and *O. Matthews,* for appellant.

*G. W. Brill* and *G. C. Harvey,* for appellee.

DAVIS, J.—This action was instituted before a justice of the peace in Morgan county, by appellee against appellant, on the 5th day of August, 1891, for the replevin of three hundred and fifty-eight shocks of wheat. This appeal is prosecuted from a judgment rendered in the court below in favor of appellee. The facts are clearly and succinctly stated in the opinion of Judge BLACK in *Berry* v. *Hubbard,* 5 Ind. App. 401. During the pendency of that action for the possession of the field on which the wheat in question was raised this suit was instituted. The crop of wheat referred to in the complaint in the case cited, is the same wheat that is in controversy in this proceeding. It is insisted by counsel for appellee, that the question as to the right to the possession of the wheat was not adjudicated in that case; that the evidence does not show "that the ownership of this wheat was ever before determined."

We have carefully read the record, and the evidence as we understand it shows without contradiction, in addition to the facts stated, that the tenancy of appellant had not been terminated when the wheat was sown in 1890; that his landlord, without his consent, let this field to appellee, who, over objection of appellant, plowed it and sowed thereon the wheat now in controversy; that at harvest time, in 1891, appellee was about to go upon the field to harvest the wheat when he was prevented from so doing by the presence of appellant and his threats of violence; that appellant harvested the wheat.

If appellee was not entitled to the possession of the field at harvest time, in 1891, for the purpose of har-

vesting the wheat, it is difficult to see on what theory he was entitled to the wheat after it was harvested by appellant. If the decision in *Berry* v. *Hubbard, supra,* is correct, appellant was, when the wheat was sowed in 1890, and also when it was harvested in 1891, rightfully entitled to the possession of the field. If the entry of appellee in 1890 was wrongful he had no right to the wheat. The record of the proceedings in the former case was read in evidence on the trial of this case without objection. Judge BLACK says, in the opinion in that case: "The evidence would not have upheld a verdict in favor of the appellant" (Berry). In this case the evidence does not sustain the verdict.

By virtue of the writ of replevin, Berry obtained possession of the wheat, and, after it was threshed, delivered one-half thereof to the landlord. It further appears that what he did in relation to sowing the wheat and prosecuting the litigations was done at the instance and under the directions of the landlord.

Whether, as between Berry and his landlord, he has any recourse for any of the damages or losses he has sustained, we need not determine. Suffice it, so far as the present case is concerned, to say that, as between appellee and appellant, it clearly appears to us, under the evidence and the former opinion of this court, that appellee has no right to the possession of the wheat.

However, it may properly be suggested that as between appellant and his landlord, appellant was entitled to retain only one-half of the wheat.

Several questions have been discussed, but it is not necessary for us to consider them further.

Our conclusion is that the judgment of the court below should be, and hereby is, reversed, with instructions to grant a new trial.

Filed Sept. 19, 1894.