YORE v. MUELLER COAL, HEAVY HAULING AND TRANSFER COMPANY, Appellant.

Division One, February 15, 1899.

1. **Practice:** IRREGULARITY IN GIVING INSTRUCTIONS. A party who did not at the time object to the irregularity of giving an instruction after the argument was begun, nor predicate his motion for a new trial on that irregularity, can not raise the objection on appeal.

2. ——: ——: NEW TRIAL. The giving of an instruction to the jury after the opening argument, or at a later time in the progress of the trial, is not such an irregularity as will alone justify the court in granting a new trial. Before it can do so on that ground, it must further appear that the irregularity worked a prejudice to one of the parties that would not have occurred had the instruction been given at the time prescribed by section 2188, Revised Statutes 1889.

3. Negligence: TEAMSTER: RIGHT SIDE OF STREET. It is not the law of this State that a teamster, driving a wagon along a street in which a street car line is operated, is required to use one side of a street to the exclusion of the other, or that he is guilty of negligence, because he was traveling on the north side of the street going eastwardly, when a collision between his team and a footman occurred, nor can any presumption of negligence arise from that fact alone.

*Appeal from St. Louis City Circuit Court.*—Hon. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED (*with directions*).

J. D. JOHNSON for appellant.

(1) Trial courts can only grant new trials on their own motion, or otherwise than on motion of the proper party: "First, where the triers of the fact shall have erred in a matter of law; second, where the jury shall be guilty of misconduct." The giving of instructions irregularly does not come within this statutory authority. R. S. 1889, secs. 2240 and 2241; State ex rel. v. Adams, 84 Mo. 316. (2) The plaintiff could not have been heard to complain of the court's action in giving the instruction at his instance, and having waived objection to the giving of the other for defendant, he could not, if he had been so disposed, have made that the basis for demanding a new trial. Chouteau v. Jupiter Iron Works, 94 Mo. 404; McPherson v. Railroad, 97 Mo. 259. (3) It was proper for the trial court, under the circumstances of the case, to give the two instructions after the argument had begun; and its action in that behalf was not irregular or

erroneous, in the sense that it constituted grounds for granting a new trial. Buck v. Railroad, 108 Mo. 190; Glenn v. Hunt, 120 Mo. 342; Wilmott v. Railroad, 106 Mo. 535; Wilkinson v. Dock Co., 102 Mo. 130; McPherson v. Railroad, 97 Mo. 253; Chouteau v. Jupiter Iron Works, 94 Mo. 388; Dowzelot v. Rawlins, 58 Mo. 75; Cluskey v. St. Louis, 50 Mo. 89; State v. Raven, 115 Mo. 419; Pierce v. Michel, 60 Mo. App. 187; R. S. 1889, sec. 2188. (4) The giving of the two instructions did not justify the granting of a new trial, unless the "substantial rights" of the plaintiff were thereby affected. R. S. 1889, secs. 2100, 2240, and 2303; Ittner v. Hughes, 133 Mo. 679; Glenn v. Hunt, 120 Mo. 342; Cluskey v. St. Louis, 50 Mo. 89. The fact that the driver of the wagon drove eastwardly along the north side of Washington avenue did not, in itself, or in connection with other facts and circumstances in evidence, constitute evidence of negligence upon the driver's part; so that defendant's said instruction could not have misled the jury, while the two instructions together were favorable and not prejudicial to plaintiff.

D. P. DYER for respondent.

(1) The negligence complained of consisted, among other things, of driving the team on the wrong side of the street and at a dangerous rate of speed, especially so when it was driven at night. The court, by the instruction given, told the jury that the driving of the team in a trot was not of itself negligence. This was not only a comment upon the testimony, but stated a proposition that authorized the jury to eliminate from their consideration this particular fact. The court erred in singling out any particular fact in the case, and telling the jury that such fact of itself constituted no negligence. Ordinarily it might not be negligence to drive a team along the street in a trot, whereas in this particular case, and under the peculiar circumstances surrounding the plaintiff, it became negligence of the most serious character. The

instruction should not have been given, and for the error committed by the court in giving the same the court should, as it did, grant the plaintiff a new trial. (2) The court having instructed the jury that the driving of the team in a trot was not negligence, proceeded to tell them without qualification that the driving of the team on the north side of the street, instead of the south side, was not negligence. Thus we have, by two separate instructions, the practical elimination of the real and substantial contentions of the plaintiff. This latter instruction was given while the argument in the case was being made; and while the plaintiff sought to break the force of it by a counter-instruction, the lodgment made in the minds of the jury could not be eradicated. (3) The judge was satisfied that the giving of the instructions during the progress of the argument had prejudiced the defendant. The fact that his memoranda filed with the motion stated this as the ground for his action, can not prevent the plaintiff from pointing out other errors committed during the trial.

ROBINSON, J.—This is an appeal from an order setting aside a verdict and judgment in favor of defendant and granting to plaintiff a new trial. The action is for personal injuries sustained by plaintiff on account of being struck and run over by a team and wagon of defendant, going east on the north side of Washington avenue in the city of St. Louis, under the following circumstances:

At about six o'clock on the evening of January 6, 1895, plaintiff took his position on the pavement on the north side of Washington avenue about forty feet west from the west line of Eighth street, for the purpose of boarding a Washington avenue street car when it should come along going west. When a car came opposite to where plaintiff was standing he stepped from the sidewalk to get upon it, but only got three or four feet from the sidewalk towards the car when he collided with one of two mules which were hitched to a wagon

being driven eastwardly on the north side of said avenue by one of defendant's employees. Plaintiff who was the only witness that testified on his behalf as to how the accident occurred says that the forepart of the mule struck him, and knocked him towards the wheels of the wagon and that one of the front wheels passed over his body inflicting quite severe injuries. Plaintiff says that he had taken car for his home at about the same time of day and at about the same place he was attempting to board it on this occasion almost daily for the previous three weeks; that while it was a cloudy day and getting dark at that time, the electric light at the center of the intersection of Eighth street and Washington avenue, was burning, and the car was also well lighted, so that he could have seen the team that struck him if he had looked in the direction it was coming before leaving the sidewalk, but that he did not look that way and that he neither saw nor heard the team before he collided with it. There was also testimony given in behalf of plaintiff that may, for the sake of this discussion, be treated as tending to show that the team (of defendant) that struck plaintiff was noticed going in a trot eastwardly at a point about one half a block distant just a few seconds before the accident. No one, however, except defendant's driver undertook to give the speed of the team at the time it came in contact with plaintiff, and he says that the team was being driven in a walk, and that plaintiff stepped from the curbstone of the pavement without looking, and that while within but three or four feet from the curbstone ran against the hind part or hip of the mule of his team (that was) nearest to the sidewalk, and was knocked or thrown down by the jumping of the mule to one side, and that before he was able to check them the fore wheel of the wagon to which the mules were hitched and which he was driving, ran over the plaintiff; but that he turned the team so quickly when he realized the trouble, that the hind wheel of the wagon did not run over or against plaintiff; that he had

no knowledge or intimation that plaintiff contemplated to pass to the car in advance of his team until he had stepped from the curbstone and ran against one of the mules, and that after plaintiff left the sidewalk there was not sufficient time for him to act so as to avert the collision and accident; that the distance between the team he was driving and the car upon one side and the curbing of the sidewalk upon the other, was only three or four feet; that he was one of the teamsters of the defendant, engaged in the work of gathering up the sweepings from the side of the streets in the city, in the work of street cleaning, and that at the time of the accident he was going to Eighth street to gather up a load of trash that had just been swept into the gutter of said street by the street sweeper assisting in the work of street cleaning.

After the testimony was all in, the court at the instance of the plaintiff and defendant and on its own motion gave eight instructions covering the different phases of the case as was then presented for consideration; but during the opening argument to the jury, plaintiff's counsel commented upon the fact that the driver of the team was at the time of the accident driving on the north instead of the south side of the street, and told the jury that that fact, in connection with the accident, indicated negligence upon the part of the driver sufficient to justify a verdict against the defendant. As soon as plaintiff's counsel had concluded his opening argument, defendant's counsel asked, and the court gave this additional instruction: "The jury are instructed that the fact that the driver of the team in question was at the time of the accident driving eastwardly along the north side of Washington avenue, does not constitute negligence upon his part, or upon the part of defendant."

Plaintiff made no objection at the time or afterwards to the giving of that instruction based on the ground that it was "irregularly given." When the court gave the instruction it said to plaintiff's counsel that he could continue his opening

address to the jury and argue the case further under the instructions as supplemented. Counsel for plaintiff made no further argument in the case at that time, but said to the court he would discuss that instruction when he came to make his closing argument to the jury. After defendant's counsel had made his argument to the jury, the court at the instance of plaintiff's counsel gave the following additional instruction: "The court instructs the jury that the mere fact that the defendant's driver drove in the north side of Washington avenue instead of upon the south side, is not of itself negligence, but is a fact that may be considered by the jury in connection with all other facts in the case to determine whether the driver of the team was in fact guilty of negligence." Both of which last instructions plaintiff's counsel discussed in his closing argument. After plaintiff's closing argument, the case was submitted to the jury upon the eight original and two additional instructions just quoted, and a verdict and judgment was found in favor of defendant, and plaintiff filed his motion for a new trial assigning, as grounds therefor, that the court erred:

1. In giving instructions asked by defendant.

2. In the instructions given to the jury on its own motion.

3. In giving contradictory instructions.

4. "The instructions given at the instance of defendant and at its (the court's) own motion, were misleading."

Plaintiff's motion for a new trial was sustained, and the court specified of record its ground therefor as follows: "The motion for new trial is sustained on the ground that the instructions (the two given during the argument of the case) were irregularly given." From that order after the usual preliminaries defendant prosecuted this appeal.

From an examination of the instructions given as a whole, we find no declaration of law announced therein unfavorable or prejudicial to the right of the plaintiff, that for

that reason would have justified the trial court in granting to him a new trial, and we must conclude, if the order of the trial court is to be sustained that the reason given in said order "that the instructions (the two given during the argument of the case) were irregular," alone justified the court's action.

Of the last one of the two instructions given during the argument of the case, surely plaintiff ought not now to be heard to complain of its irregularity, as it was given at the time on his express demand, nor should he be permitted now to reap the benefit from an irregularity resulting from the giving of either one or both of the last two instructions (if such it could be properly characterized), when he did not in his motion ask for a new trial predicated upon that ground, nor did he object to the giving of either of said instructions, on that ground, at the time they were asked for and given. Was then, the giving of the last two instructions or either of them, after the argument in the case had been begun, such an irregularity or error as alone would give justification to the court's action in awarding a new trial based upon that fact solely.

This court has never held the provisions of section 2188, Revised Statutes 1889, as mandatory, or that the section should be so construed as to deny to the trial court the right to give instructions in any cause, except just where "the evidence is concluded and before the case is argued or submitted to the jury," or that an instruction if given at any different or later time during the progress of a trial should be treated and held, for that reason alone, as an irregularity constituting grounds for the granting of a new trial. Nor do we think the trial judge has the right to set aside a verdict rendered in his court for the sole reason that an instruction has been given during the progress of the trial out of the usual time for the giving of same as indicated by section 2188, *supra*, without it further finds and believes that the instructions as given at the designated time had the effect of working a prejudice against one or the other of the parties to the suit that

(otherwise) would not have occurred had the instruction been given at the regular and prescribed time named in said section. That section is not to be understood as laying down a fixed and arbitrary rule of procedure, the variation from which (to meet the demands of justice in a given case) is to be treated and held as a necessarily fatal irregularity.

The question as to the right of the trial court to instruct the jury at a time otherwise than immediately after the evidence is concluded and before the case is argued, has frequently been before this court, yet we know of no instance, where on the ground of time alone, the giving of an instruction has been held fatal to a verdict predicated thereon. The practice has ever been to sustain verdicts and judgments predicated upon instructions given at any and all times during the consideration of the case by the jury, provided the instruction or instructions announce a correct proposition of law, applicable to the facts of the case, and is given to the jury in open court, and the parties to the suit have been given an opportunity to know its contents and to note his or their exceptions thereto, if desired, or to ask other instructions explanatory thereof, if necessary.

It was not only within the authority of the court to give the instruction asked by defendant at the time it was given, but we think it was likewise a clear duty of the court made necessary by the false argument of the counsel for the plaintiff, in addressing the jury, to the effect that the jury might infer negligence from the fact that defendant's driver, was at the time of the collision, driving along the north side instead of on the south side of the street.

As between a footman in the act of attempting to cross a street (or a portion of it, as in this case to reach a street car in the center thereof) and the driver of a team of horses upon the street, there is no rule or custom that may be said to have ripened into law that requires or even indicates that the teamster with his team should pursue his course eastwardly along

the south side of the street rather than upon the north side thereof, or that if a team should be traveling eastwardly upon the north side of a street and should collide with a footman thereon, whether in an attempt to cross the street, or in pursuing his journey westwardly along the same side of the street, that any presumption of negligence would arise against the teamster from that fact alone, if an injury should result to the footman from such collision. The rule for the passage of vehicles on the public highways prescribed by section 7831, Revised Statutes 1889, requiring that when drivers thereon shall meet, each shall reasonably turn his vehicle to the right of the center of the road so as to permit the other to pass without interference or interruption, etc., has no application to the facts of this case whatever; nor does that section or any custom or rule in force in this State go to the limit of requiring that a teamster or a traveler by vehicle shall be required to use one side of the public road, or the street of a city, to the exclusion of the other, under penalty of having imputed to him negligence for said act, in the event of an accident or collision. The instruction given by the court at defendant's request, at the close of the first, argument in the case to the jury was proper, and the giving of the other at plaintiff's request afterwards is a thing about which he can not be heard to complain, and both, although given after the time designated by the statute for the giving of instructions, was not such an irregularity as to constitute error authorizing the court on that ground alone to set aside a verdict that upon all the testimony was for the right party (and was otherwise correct).

The order setting aside the verdict and judgment of the trial court is reversed, and the cause remanded, with directions that final judgment be entered for defendant upon the verdict as returned by the jury. BRACE, P. J., and MARSHALL, J., concur; VALLIANT, J., not sitting.