ELIZABETH HANNIGAN vs. HUGHES B. WRIGHT.

*Case—Personal Injuries—Negligence—Automobile—Public Highway—Streets of City — Use of by Automobile and Pedestrian— Care Required—Measure of Damages.*

I. In an action to recover for personal injuries caused by an automobile, the plaintiff was asked by her counsel " what was the condition of your memory and nerves as a result of the accident." *Held* admissible.

2.   While the automobile is comparatively new in its use, and novel in its construction, operation and movement, there is nothing new or exceptional in the principles of law that apply to its use upon the public highway.   The owner of an automobile has the same right as the owner of other vehicles to use the highways or streets of a city, and like them he must exercise reasonable care and caution for the safety of others.

3.   The acts of the chauffeur, in operating an automobile, within the authority of his employment, are the acts of a servant.   The relation of master and servant exists between the chauffeur and his employer, and the rules of law applicable to that relation exist.

4.   The rights of travelers on foot and in vehicle on the streets of the city, and the care required to be exercised by them, stated.

5.   In determining the degree of care that the operator of an automobile should have used, the jury may take into consideration its speed, size, appearance, manner of movement, the amount of noise it makes, and anything that indicates unusual or peculiar danger.

6.   If the plaintiff saw the automobile before it struck her, or by the reasonable use of her senses could have seen it in time to avoid the injury, she could not recover. But if she could not, under the conditions and circumstances existing at the time of the accident, by the exercise of reasonable care have avoided it, she would not be guilty of such negligence as would defeat her right to recover.

7.   If the defendant was, at the time of the accident, the owner of the automobile which caused the injury, and the person running or operating it was under his direction and control, the operator was the servant of the defendant, and any negligence in the operation of the machine would be the negligence of the defendant.   Or if the defendant was not the owner, yet if he had control of it so as to be able to govern its management, negligence in the operation of the machine would be the negligence of the defendant.

8.   Measure of damages.

*(December 11-13, 1905.)*

LORE, C. J., and PENNEWILL, J., sitting.

*Horace G. Knowles* for plaintiff.

*J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, November Term, 1905.

ACTION ON THE CASE (No. 157, May Term, 1905), to recover for personal injuries to plaintiff by being knocked down and run over by an automobile, alleged to have been owned by and operated under the control and direction of the defendant, at Ninth and Market Streets in the city of Wilmington, about five o'clock in the afternoon of March 29, 1905. (See further facts in charge to jury.)

At the trial, the plaintiff was asked by her counsel what was the condition of her memory and her nerves as a result of the accident. Whiteman, for defendant, objected, on the ground that the narr failed to allege any injuries as to plaintiff 's memory or nerves; the allegation in the narr being simply that by reason of the wounds and bruises received, " the said plaintiff became and was sick, sore, lame and disordered, and so remained," etc.

PENNEWILL, J.:—We think the allegation in the narr is sufficiently broad to cover this question, and that the question is admissible.

PENNEWILL, J. (charging the jury):

Gentlemen of the jury :—In this action Elizabeth Hannigan, the plaintiff, seeks to recover from Hughes B. Wright, the defendant, damages for personal injuries which she alleges were caused by the defendant's negligence.

The plaintiff claims that on March 29th last, about five o'clock in the afternoon, while she was in the act of crossing Market Street in this city at or near the southerly line of Ninth Street, and when she had almost reached the pavement on the west side of Market Street, she was struck with such great force by a heavy, two-seated automobile owned or controlled by the defendant, that she was thrown to the ground, run over and held down by the weight of the machine; and being about fifty-nine years of age, was so bruised, shocked and injured that she is no longer able to make a living or do work as she was previously accustomed to do. She alleges that the automobile, at the time of the accident, was under the control

of the defendant, operated by a chauffeur, who was the servant of the defendant or under his control, in a negligent and careless manner, at an excessive and dangerous rate of speed, and by reason thereof she sustained the injuries for which she seeks to recover in this action. She also claims that she was exercising all the care and caution that were reasonably required under the circumstances and conditions existing at the time and place of the accident.

The defendant, on the other hand, holds that he is not liable to the plaintiff in this action because he was not guilty of any negligence which resulted in her injury. He claims that he was neither the owner of the automobile which struck the plaintiff, nor did he in any manner have the direction and control of it or of the person operating it at the time of the accident. And he insists moreover that the plaintiff was herself guilty of some negligence which contributed proximately to the injury, and for that reason she cannot recover.

We say to you that while the thing that caused the injury complained of is comparatively new in its use, and novel in its construction, operation and movement, there is nothing new or exceptional in the principles of law that apply to its use upon the public highway. The owner of an automobile has the same right as the owner of other vehicles to use the highways or streets of a city, and like them he must exercise reasonable care and caution for the safety of others.

The acts of the chauffeur, in operating an automobile, within the authority of his employment, are the acts of a servant. The relation of master and servant exists between the chauffeur and his employer, and the rules of law applicable to that relation apply.

A traveler on foot has the same right to the use of the public streets of a city as a vehicle of any kind. In using any parts of the streets all persons are bound to the exercise of reasonable care to prevent collisions and accidents. Such care must be in proportion to the danger or the peculiar risks in each case. It is the duty of the person operating an automobile, or any other vehicle, upon the public streets of a city to use ordinary care in its operation, to

move it at a reasonable rate of speed, and cause it to slow up or stop if need be, where danger is imminent and could, by the exercise of reasonable care, be seen or known in time to avoid accident. Greater caution is required at street crossings and in the more thronged streets of a city than in the less obstructed streets in the open or suburban parts. There is a like duty of exercising reasonable care on the part of the pedestrian. The person having the management of the vehicle and the traveler on foot are both required to use such reasonable care as the circumstances of the case demand; an exercise of greater care on the part of each being required where there is an increase of danger. The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the rights of the other; and both are bound to the reasonable use of all their senses for the prevention of accident, and the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances.

The degree of care required in the use and operation of a machine or vehicle upon the streets of a city depends not only upon the condition of the streets but also upon the dangerous character of the machine or vehicle, and its liability to do injury to others lawfully upon such streets. The more dangerous its character, and the greater its liability to do injury to others the greater the degree of care and caution required in its use and operation. In determining, therefore, the degree of care that the operator of an automobile should have used the jury may take into consideration its speed, size, appearance, manner of movement, the amount of noise it makes, and anything that indicates unusual or peculiar danger.

It is true that a person crossing a public street of a city is required to make a reasonable use of all his senses in order to observe an impending danger, and if he fails to do so and is injured by reason of such failure, he is guilty of such negligence as will prevent any recovery for the injury sustained. Such reasonable use of the senses, however, means such use as an ordinarily prudent and careful person would have used under like circumstances. And so in the case before you, if the plaintiff saw the automobile before it

struck her, or by the reasonable use of her senses could have seen it in time to avoid the injury, she could not recover. But if she could not under the conditions and circumstances existing at the time of the accident, by the exercise of reasonable care have avoided it, she would not be guilty of such negligence as would defeat her right to recover. If the defendant was, at the time of the accident, the owner of the automobile which caused the injury, and the person running or operating it was under his direction and control, then such operator was the servant of the defendant, and any negligence in the operation of the machine would be the negligence of the defendant. Or if the defendant was not the owner of said automobile, yet if he had control of it so as to be able to govern its management, negligence in operating the machine would be the negligence of the defendant. And in either case the defendant would be liable for any injury proximately caused by such negligence, provided the person injured was not guilty of some negligence on her part that contributed to the injury.

Robinson vs. Simpson, 8 Houst., 399 ; State vs. Lewis, 4 Pennewill, 332.

This case is based upon the negligence of the defendant, and in order that the plaintiff may recover she must satisfy you by a preponderance of the evidence that there was negligence on the part of the defendant or his servant in the operation of the automobile and that her injuries resulted therefrom. Negligence is not presumed, but must be proved, and the burden of making such proof is upon the plaintiff.

Now, gentlemen of the jury, if you believe from a preponderance of the evidence in this case that the defendant, at the time of the accident, was the owner of the automobile that caused the injury to the plaintiff, and that the machine or the person operating it was under the direction and control of the defendant; and shall also believe that the injuries to the plaintiff were caused by the negligent running and operation of the machine, and that the plaintiff herself was free from any negligence that contributed to the accident, your verdict should be in favor of the plaintiff.

If, on the other hand, you believe that the defendant was not the owner of the automobile which caused the injuries to the plaintiff, and that it was not at the time under his control; and shall also believe that the person actually operating the automobile at the time of the accident was not under the direction and control of the defendant, your verdict should be in favor of the defendant, because in such case the injuries sustained by the plaintiff were not caused by the negligence of the defendant. And we further say to you that if you believe that there was any negligence on the part of the plaintiff operating at the time of the accident which contributed to the injuries she received, your verdict should be in favor of the defendant. Or if you believe that the injuries to the plaintiff were the result of pure accident, and could not have been prevented or avoided by the exercise of reasonable care on the part of the defendant, your verdict should be in favor of the defendant.

If you should find for the plaintiff, your verdict should be for such sum as will reasonably compensate her for her injuries, including therein her loss of time and earnings, her pain and suffering in the past, and such as may come to her in the future, resulting from the accident, and also from any impairment of ability to earn a living in the future, as the result of such accident.

Verdict for plaintiff for $200.00.