## APPERSON ET AL. *v.* LAZRO.

[No. 6,249.   Filed February 5, 1909.   Rehearing denied April 29, 1909.   Transfer denied June 24, 1909.]

1. PLEADING.—*Complaint.*—*Negligence.*—*Automobiles.*—A complaint alleging that defendants "carelessly, negligently and recklessly ran and operated said automobile at a high, reckless and dangerous rate of speed * * * toward and against said plaintiff, and thereby knocked him down, * * * to plaintiff's great injury," states a cause of action. p. 189.

2. PLEADING.—*Complaint.*—*Construction.*—A complaint should be tested by its general scope; and nothing extrinsic should be considered which impairs the result set forth therein. p. 190.

3. PLEADING.— *Complaint.*— *Negligence.*—*Automobiles.*—*Highways.*—*Use of.*—A general allegation that defendants negligently ran their automobile against plaintiff, is sufficient on demurrer, without alleging the specific facts; and the facts showing the negligence are admissible in evidence thereunder. pp. 190, 195.

4. NEGLIGENCE.—*Law of the Road.*—*Turning to the Right.*—*Automobiles.*—The law of the road, requiring vehicle drivers, upon

meeting, to pass to the right, does not apply tô their meeting of pedestrians. p. 190.

5. HIGHWAYS.—*Right to Use.*—All persons have equal rights to the use of the highways, and all must use reasonable care, under the particular circumstances, to avoid injuries to others using them. pp. 190, 195.

6. NEGLIGENCE.—*Contributory.*—Contributory negligence precludes a recovery by the plaintiff. p. 191.

7. NEGLIGENCE.—*Automobiles.*—The drivers of an automobile, who met an old man, almost blind, cautiously walking along the side of the road, such drivers failing to stop their machine or to turn out, on account of which the old man in trying to escape was struck and injured, are guilty of negligence. p. 191.

8. NEGLIGENCE.—*Highways.*—*Use of, by Blind Persons.*—A person almost blind is not guilty of negligence by reason of the mere fact of traveling upon the highway, the law requiring him to use ordinary care under the circumstances. p. 192.

9. PLEADING.—*Complaint.*—*Highways.*—*Use of.*—*Automobiles.*—A complaint alleging that the plaintiff, a pedestrian, almost blind, was "walking along the west side of said highway, and to the right of the beaten roadway," shows—not improperly—a fact indicating the use of care. p. 192.

10. NEGLIGENCE.—*Automobiles.*—*Evidence.*—In an action by an old man, almost blind, against the drivers of an automobile, for running over him, the evidence showing that he was at the side of the road and they ran straight toward him, it is not material on which side of the road they were driving, where they saw him and took no heed. p. 192.

11. NEGLIGENCE.—*Automobiles.*—*Running Over People.*—Automobilists have no right to run their machines straight toward people upon the highway, thus compelling such people at their peril to escape. p. 193.

12. TRIAL.—*Instructions.*—*Harmless.*—Where an instruction could not have prejudiced the appellants, they have no cause for complaint. p. 193.

13. APPEAL.—*Right Result.*—Where the result reached by the trial court is correct, its judgment will not be disturbed. p. 193.

14. TRIAL.—*Verdict.*—*Interrogatories.*—Answers to the interrogatories to' the jury overthrow the general verdict only when such answers exclude every conclusion which would authorize a recovery by the plaintiff. p. 194.

15. TRIAL.—*Verdict.*—*Interrogatories.*—*Allegations.*—*Automobiles.*—Where a complaint alleged that both defendants were in possession and control of an automobile, by the negligent use of which plaintiff was injured, and the answers to the interroga-

tories do not contradict such allegation, a general verdict for plaintiff is not irreconcilable therewith.    p. 194.

16.    PLEADING.—*Complaint.—Negligence.—Automobiles.—Law of the Road.*—A complaint alleging that the plaintiff, an aged man and nearly blind, while walking south along the western side of the road was met by an automobile, that the drivers thereof negligently ran it along the western side of the road, refusing to turn, thereby injuring the plaintiff, states a cause of action.    p. 195.

17.    PLEADING.— *Complaint.— Negligence.—Automobiles.—Presumptions on Appeal.*—A complaint alleging that the defendants "carelessly and negligently failed and neglected to turn said automobile to the right," when qualified by the words "and thus pass plaintiff," states actionable negligence, every presumption being made, on appeal, in favor of the ruling of the lower court.    p. 196.

18.    TRIAL.— *Instructions.—Negligence.—Automobiles.*—An instruction that "if these acts [carelessly, negligently and recklessly running an automobile against plaintiff, and failing to turn to the right] were done by the defendants in the manner as charged, and said acts were negligent, careless and reckless as charged," is not erroneous as charging that it was defendants' duty to turn to the right.    p. 196.

From Grant Circuit Court; *H. J. Paulus*, Judge.

Action by John Lazro against Edgar Apperson and another. From a judgment on a verdict for plaintiff for $1,000, defendants appeal. *Affirmed.*

*J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf*, for appellants.

*J. A. Shunk, John F. Lawrence* and *D. E. Rhodes*, for appellee.

WATSON, C. J.—Appellee in this action recovered $1,000 damages for injuries alleged to have been sustained by reason of appellants' negligence in driving an automobile against and over him on a public highway.

The complaint was originally in four paragraphs. The second and fourth were withdrawn before the cause was submitted to the jury, leaving the first and third, to each of which a demurrer was overruled.

The errors assigned are:    (1) The complaint does not state facts sufficient to constitute a cause of action;    (2) the

overruling of the demurrer to the first paragraph of the complaint; (3) the overruling of the demurrer to the third paragraph of the complaint; (4) the overruling of appellants' motion for judgment on interrogatories; (5) the overruling of appellants' motion for a new trial.

The facts briefly stated are as follows: On June 5, 1902, the plaintiff, who was sixty-four years of age and had very defective eyesight, was traveling on foot, upon a public highway, from his home in the town of Mexico to the city of Peru. While traveling south upon the western edge of the roadway, he was startled by the approach of defendants' automobile, which was traveling northward upon the road, when it was about thirty feet in front of him. In attempting to get out of the way he jumped toward the east, into the road. At this time the machine was turned sharply to the west, and the front hub on the east side struck the right side of plaintiff, who was thrown a considerable distance and severely injured.

Counsel for appellants insist that the first paragraph of the complaint is bad, because it in noway charges them with any actionable negligence. In part it reads thus:

1. Said defendants "then and there riding in, and in the possession and control of, a certain automobile, carelessly, negligently and recklessly ran and operated said automobile at a high, reckless and dangerous rate of speed, over and along the western edge of the beaten track on the western edge of the highway, toward and against said plaintiff, and thereby knocked him down, dragged him across to the opposite side of said highway, and ran upon and over him, to plaintiff's great injury." It may be conceded that the phraseology of the complaint in its logical arrangement is not what it should be, yet it is difficult to see how any construction can be placed upon it other than that said defendants carelessly, negligently and recklessly ran and operated said automobile toward and against said plaintiff, and thereby knocked him down. "Every part of a pleading must

be adopted in construing it. The sufficiency of the pleading is to be judged from its general scope and tenor, and nothing extrinsic is to be considered which would impair the full force of the result which the pleader sets forth." 4 Ency. Pl. and Pr., 746. See, also, *Platter* v. *City of Seymour* (1882), 86 Ind. 323; *City of North Vernon* v. *Voegler* (1885), 103 Ind. 314.

It is also urged that the third paragraph of the complaint is defective, in that it does not show that appellants might have turned to the right, and that there was unobstructed space in the road upon which they might have turned; that appellants were aware of the presence of appellee, or that there was light enough to see, citing *Walkup* v. *May* (1894), 9 Ind. App. 409. That case, however, is not in point. The only question in that case being the correctness of the court's action upon the special verdict, the sufficiency of the complaint not being in issue. But it has been held repeatedly that a general allegation of negligence is sufficient to withstand a demurrer to the complaint for want of facts, and, under such allegation, the facts constituting negligence may be given in evidence. *Cleveland, etc., R. Co.* v. *Wynant* (1885), 100 Ind. 161; *Louisville, etc., R. Co.* v. *Jones* (1886), 108 Ind. 551, 566; *Cleveland, etc., R. Co.* v. *Berry* (1899), 152 Ind. 607, 46 L. R. A. 33; *Duffy* v. *Gleason* (1901), 26 Ind. App. 180; *Van Camp, etc., Iron Co.* v. *O'Brien* (1902), 28 Ind. App. 152.

The strict law of the road—that where one is traveling in a vehicle and meets another vehicle he must turn to the right—does not obtain as to footmen. Elliott, Roads and Sts. (2d ed.), §834; *Cotterill* v. *Starkey* (1839), 8 Car. & P. *691; *Yore* v. *Mueller Coal, etc., Co.* (1899), 147 Mo. 679, 49 S. W. 855. "All persons have a right to walk in a public highway as well as to ride or drive upon it; their rights are equal, and both footmen and drivers are required to exercise such care and prudence as the circumstances demand." Elliott, Roads

and Sts. (2d ed.), §834. See, also, *Simons* v. *Gaynor* (1883), 89 Ind. 165; *Indiana Springs Co.* v. *Brown* (1905), 165 Ind. 465, 1 L. R. A. (N. S.) 238; Angell, Highways (3d ed.), §341. "Such care," then, "must be in proportion to the danger or the peculiar risks in each case." *Hannigan* v. *Wright* (1905), 5 Pennewill (Del.) 537, 63 Atl. 234. And see *Green* v. *Eden* (1900), 24 Ind. App. 583. This care, however, must be reciprocal. As said by the court in *Hannigan* v. *Wright, supra:* "The person having the management of the vehicle and the traveler on foot are both required to use such reasonable care as the circumstances of the case demand; an exercise of greater care on the part of each being required where there is an increase of danger. The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the rights of the other." When this accident occurred the appellants were travelers in their automobile upon a public highway, and the appellee was a pedestrian on the same road. Their respective rights and duties toward each other, under these circumstances, were such that, although each had the right to pass and repass, neither could so negligently exercise that right as to injure the other.

It is a well-settled rule of the common law that there can be no recovery of damages for injuries inflicted upon one person by another, if the injured person by his own

6. negligence proximately contributed to the injury. 4 Am. and Eng. Ency. Law, 15; *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10.

In this case, the plaintiff was infirm, and had such defective eyesight that, according to his own testimony, he was unable to distinguish the features of a person

7. within conversational distance. He was walking along the western edge of the beaten roadway, looking downward, it seems, to make sure of his footing. Other than this there appears to have been nothing unusual or extraordinary in his conduct, until he was startled by the approach of the

automobile. Up to this time there was nothing in his actions that would indicate carelessness or negligence on his part. The fact that he was almost blind and was traveling on the highway unattended does not constitute negligence. *Neff* v. *Inhabitants of Wellesley* (1889), 148 Mass. 487, 20 N. E. 111, 2 L. R. A. 500. In *Stringer* v. *Frost* (1888), 116 Ind. 477, 2 L. R. A. 614, 9 Am. St. 875, the court said: "Children and infirm persons, as well as those who are of mature years, and in the vigor and activity of health, have the right to walk along or across the streets of a city, observing such care as persons of like age and condition are accustomed to use, and all have a right to assume that carriages will not be driven, or horses ridden, over the streets at an improper rate of speed." A blind man walking upon the highway is bound to use ordinary care only, in determining which the jury should consider the blindness, other infirmities, and all circumstances bearing upon the question as to what care was reasonably necessary to insure his safety. *Neff* v. *Inhabitants of Wellesley, supra.* It was not improper, therefore, for the complaint to state that appellee was "walking along the west side of said highway, and to the right of said beaten roadway," instead of in the middle of the highway, as a circumstance pertinent to the question of his care. 4 Am. and Eng. Ency. Law, 80.

It is not material upon which side of the road appellants were driving before they came upon appellee—they had a perfect right to use any part of it—and it is immaterial here whether they were upon the east or the west side of the road, the right or the left, except that they were, as shown by the evidence, on the side of the road upon which appellee was traveling. The evidence shows that the occupants of the automobile, while at a considerable distance from the scene of the accident, the estimates ranging from one-eighth to one-half mile, were fully aware of the

presence of appellee upon the western edge of the road; that appellants were traveling at a high rate of speed upon the same side of the road upon which appellee was traveling, and that they did not change their course or slacken their speed, but ran straight ahead until appellee, startled by the sudden approach of the automobile, instinctively jumped toward the east, to save himself from being run over, when the automobile swerved to the west, and appellee was struck. It is true that appellants had a perfect right to use the western side of the road so long as their use of it did not unreasonably abridge or interfere with the right of the appellee. But it appears to this court that running an automobile at a high rate of speed, directly toward a person, and so close to him that he is compelled to flee from his path to keep from being run over, is an unreasonable abridgment of that person's right of the use of the road.

Another assignment of error is that instructions five, nine and eleven were bad, for the reason that they told the jury that the law of the road required appellants to turn to the right upon meeting the appellee on foot. Instruction nine is perfectly clear and entirely free from the objection urged against it. The fifth instruction is colored slightly by the law of the road, but not so as to affect the general verdict, which was rendered upon the appellants' negligence, not in failing to turn to the right, but in failing to turn so as to avoid injury to appellee. For the same reason the eleventh instruction could have worked no injustice to appellants. It has been held by the Supreme Court and this court, that where a verdict is clearly right upon the evidence the judgment will not be disturbed because of the erroneous giving or refusing to give instructions, or when it is shown that other instructions were given which rendered the giving or refusing of said instructions harmless. *Berry* v. *Hubbard* (1892), 5 Ind. App. 401; *City of LaFayette* v. *Ashby* (1893), 8 Ind. App.

214; *Hasselman Printing Co.* v. *Fry* (1894), 9 Ind. App. 393; *Island Coal Co.* v. *Neal* (1896), 15 Ind. App. 15.

Appellants also assign as error that the answers to the interrogatories show that the appellant Edgar Apperson had nothing whatever to do with the injuries inflicted; that he was not in control of the automobile; that he only occupied a seat therein, and that, therefore, judgment should not have been rendered against him. In support of this contention, they invoke the statement of law, that where answers to interrogatories are inconsistent with the general verdict, it cannot stand. *Snyder* v. *Robinson* (1871), 35 Ind. 311, 9 Am. Rep. 738. The following quotation from the syllabus of the case last cited undoubtedly contains a correct statement of the law: ''Where a general verdict is returned for the plaintiff, and answers to special interrogatories are also returned, and the answers exclude every conclusion that will authorize a recovery for the plaintiff, a judgment should be rendered for the defendant, notwithstanding the general verdict.'' The court announces substantially the same principle in *Korrady* v. *Lake Shore, etc., R. Co.* (1892), 131 Ind. 265, when it says: ''It is undoubtedly the law that a general verdict is not controlled by answers to interrogatories, unless the conflict between the answers and the verdict is irreconcilable.'' But such is not the case here. The complaint alleges that defendants were in possession and control of the automobile, at the time of the accident, which fact, not being contradicted by the interrogatories, would render both Edgar and Elmer Apperson liable according to the judgment against them. *Hannigan* v. *Wright, supra.*

After a careful examination of the record in this case and the alleged errors assigned, we have reached the conclusion that it was fairly tried and correctly decided.

The judgment is therefore affirmed.

## On Petition for Rehearing.

Watson, C. J.—Appellants, in their petition for a rehearing, insist that the court erred in sustaining the action of the court below in overruling the separate demurrer of each of the appellants to the first and third paragraphs of the complaint, and in holding that instructions five and eleven were harmless.

It is contended by appellants that this court erred in holding that it was their duty, as a matter of law, to leave the left side of the highway and turn to the right to avoid a collision. Appellants seem to think that, because in this particular case they would have had to turn to the right in order to avoid a collision, the law did not require them to turn at all, and that therefore they had a right to run straight ahead, regardless of the position of the pedestrian or the peril to which it might subject him.

Were this the law, pedestrians would have no protection at all, and would be wholly at the mercy of every traveler in a vehicle. But such is not the law. The rights of pedestrians and drivers of vehicles upon the highway are equal, and drivers are required to exercise such care and prudence as the circumstances demand; care in proportion to the danger or the risks in each case. *Hannigan* v. *Wright* (1905), 5 Pennewill (Del.) 537, 63 Atl. 234.

The facts, however, that the rights of pedestrians and drivers of vehicles are equal, and that appellants in this action may have had just as much right to travel upon west side of the road as did appellee, cannot be argued against allegations in the complaint charging negligence and failure to use the care that the law requires in the exercise of that right, for although their rights were equal, and each was where he had a right to be, neither could so negligently exercise that right as to injure the other.

Both paragraphs of the complaint aver that appellee was walking toward the south upon the western edge of the road-

way; that appellants were traveling in the opposite direction, toward the plaintiff, upon this same side of the roadway, so that there was but one way appellants could turn to avoid a collision, and that was toward their right. The third paragraph of the complaint alleges that appellants carelessly and negligently failed and neglected so to turn, but ran straight ahead until said automobile struck said plaintiff, knocked him down, dragged him across said highway and ran over him. We believe the absence of care upon the part of appellants is thus sufficiently alleged.

Appellants' contention, that the word "right," as used in the third paragraph of complaint, renders that paragraph bad, is founded upon the presumption that the plaintiff thereby sought to avail himself of the law of the road as stated in the statute. Their position might be tenable, if it was not shown in the same paragraph that the only direction in which they could have turned was to the right, and if the phrase "carelessly and negligently failed and neglected to turn said automobile to the right" was not followed, and, we believe, qualified, by the phrase "and thus pass plaintiff." Every presumption will be indulged in favor of the ruling of the lower court, when the question of construction is brought up on appeal. 4 Ency. Pl. and Pr., 757; Evans v. Shafer (1882), 88 Ind. 92.

So far as the evidence is referred to in the original opinion in construing the complaint, it in nowise alters or affects the propositions already laid down.

Instruction five does not inform the jury that, as a matter of law, it was the duty of appellants to turn to the right. The language of the court was that "if these acts were done by the defendants in the manner charged, and said acts were negligent, careless and reckless as charged," etc. Instruction eleven first calls attention to the law of the road, but we fail to see wherein this is made the basis of any direction to the jury. Nowhere does the court instruct the jury that appellants should have turned

to the right. We therefore find no merit in appellant's contentions that the instructions just referred to show the theory of the complaint to be different from that set out in the opinion, or that it worked injury to appellants.

Appellants contend that the complaint nowhere alleges that the striking of the appellee was caused by carelessness or negligence, but this question was laid at rest in the opinion, and need not be repeated here.

Petition for rehearing overruled.