## HAYNES AUTOMOBILE COMPANY *v.* SINNETT.

[No. 6,612.    Filed March 8, 1910.    Rehearing denied June 3, 1910.]

1. HIGHWAYS.—*Use of.*—The rights of people to the highways, and their duties with reference to the use thereof, are equal and reciprocal.    p. 112.

2. NEGLIGENCE.—*Automobiles.*—*Use of Highways.*—The driver of an automobile who negligently or carelessly runs his machine upon a highway in such manner as to frighten horses, causing them to injure persons, is liable.    p. 112.

3. NEGLIGENCE. — *Automobiles.*—*Complaint.*—A complaint alleging that the defendant's chauffeur negligently drove defendant's automobile, along a public highway, at an improper rate of speed, without warning, thereby frightening plaintiff's horse, to plaintiff's damage, states a cause of action.    p. 113.

4. NEGLIGENCE.—*Automobiles.*—*Instructions.*—Instructions that automobilists have a legal right to use the highways, but that such right must be exercised in a manner consistent with the rights of others lawfully using such highways, that they must use due care in the running of their machines, and that the speed thereof must be such as not to endanger the lives of others using such highways, are correct.    p. 113.

5. NEGLIGENCE.—*Automobiles.*—*Instructions.*—An instruction that if the defendant was not operating its automobile at a speed of more than twenty-five miles an hour, the plaintiff whose injury was caused by the fright of his horse at such automobile could not recover, is properly refused.    p. 114.

From Howard Superior Court; *B. F. Harness,* Special Judge.

Action by Miranda Sinnett against the Haynes Automobile Company.    From a judgment on a verdict for plaintiff for $750, defendant appeals.    *Affirmed.*

*Blacklidge & Wolf,* for appellant.

*Bowers & Feightner, Jackman & Jackman* and *Bell & Purdum,* for appellee.

WATSON, J.—This was a suit by appellee against appellant, to recover for personal injuries alleged to have been sustained by appellee, caused by the frightening of her horse

at an automobile belonging to appellant, and running away, throwing appellee from her buggy and causing her serious and permanent injuries. The complaint is in one paragraph, and alleges that appellant is a duly organized corporation doing business under the laws of Indiana, and is engaged in the manufacture and sale of motor vehicles and automobiles in the city of Kokomo; that George W. Tarkington was in the employ of said company as its agent, whose duty it was to test the motor vehicles and automobiles of said company; that on October 22, 1905, while driving over the public highway toward her home in a buggy, to which was attached a well-broken and gentle horse, said plaintiff was approached from the rear by said George W. Tarkington, with an automobile which he was testing for appellant, negligently driving and propelling said automobile along said highway at an unreasonable, improper and unlawful rate of speed, to wit, at the rate of twenty-five miles an hour; that said Tarkington negligently and unlawfully failed and refused to ring any bell, sound any horn, or to give any signal whatever to warn said plaintiff of his approach; that he refused to slacken the rapid rate of speed at which he was propelling said motor vehicle, and refused to give plaintiff any time to prepare for the passing of said motor vehicle; that because the top on said buggy was raised over herself she was unaware of the approach of the motor vehicle; that by reason of its rapid approach, and the loud, whirring, buzzing and puffing noise which it gave forth, her horse became frightened and unmanageable, and ran into a fence, throwing plaintiff violently to the ground, injuring her left limb, which caused her much pain and anguish of mind and body; that the injury is of a permanent character; that the buggy in which she was riding was damaged in the sum of $50. Wherefore she demands damages in the sum of $5,000.

Appellant filed a demurrer thereto, which was overruled, and exceptions taken. Answer in general denial. The cause

was submitted to a jury, which returned a verdict in favor of plaintiff in the sum of $750. Motion for a new trial was overruled.

The errors assigned are: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling appellant's demurrer to appellee's complaint; (3) the court erred in overruling appellant's motion for a new trial.

The appellant challenges the sufficiency of the complaint by its first and second assignments of errors. It is the law that all persons in the use of the public highway have equal rights. Their duties and rights must be equal and reciprocal. Therefore, one using an automobile must not so negligently and carelessly exercise that right as to injure other fellow travelers lawfully using the highway, but must have due regard for the equal rights of others upon the highway, taking into consideration the tendency of a machine to frighten horses and cause injury to such travelers. Elliott, Roads and Sts. (2d ed.) §834; *Brinkman* v. *Pacholke* (1908), 41 Ind. App. 662; *Apperson* v. *Lazro* (1909), 44 Ind. App. 186; *Indiana Springs Co.* v. *Brown* (1905), 165 Ind. 465, 1 L. R. A. (N. S.) 238; *McIntyre* v. *Orner* (1906), 166 Ind. 57, 4 L. R. A. (N. S.) 1130, 117 Am. St. 359; *Hennessey* v. *Taylor* (1905), 189 Mass. 583, 76 N. E. 224, 3 L. R. A. (N. S.) 345; §10465 Burns 1908, Acts 1907 p. 558, §1.

In the case of *Macomber* v. *Nichols* (1876), 34 Mich. 212, being an action to recover for an injury caused by a horse's taking fright at a traction engine operated upon the highway, Cooley, C. J., speaking for the court, said: ''A highway established for the general benefit of passage and traffic must admit of new methods of use whenever it is found that the general benefit requires them.''

In the case of *Indiana Springs Co.* v. *Brown, supra,* the court said: ''Applying the foregoing principles to the facts alleged in the complaint, and appellant, in operating on the

highway a novel wheeled conveyance of uncommon appearance and making an unusual noise, owed to plaintiff and other travelers the duty of carefully controlling and driving it along so as to avoid causing needless injury. This duty required appellant to take into account the character of its machine, its general appearance, the loud puffing noise sent forth while going, its new use in the vicinity, its tendency to frighten horses, and from these and all other pertinent considerations proceed with that speed and caution which reasonable care requires, according to the place and the presence of other travelers."

3. Applying the rule laid down in the foregoing authorities, the complaint is sufficient to withstand a demurrer.

Appellant complains of instructions five, six and nine, tendered by appellee and given by the court, and of the refusal to give instruction five tendered by appellant. These

4. instructions tell the jury that although automobiles and motor vehicles are legal means of conveyance and of transportation, and have a right to use the highway for the purpose of travel, this right must be exercised in a manner and under such circumstances as are consistent with the rights of others lawfully upon, and in the use of, the highway. Those operating automobiles must have due regard for the rights of travelers legally upon the same highway, and must use due care and caution in the reasonable and proper regulation of the speed of such automobiles so as not to endanger the lives and limbs of others lawfully upon, and in the enjoyment of, the highway. And the speed of the motor vehicle or automobile shall be reasonable and proper, so as not to endanger the lives and limbs of others in the enjoyment of said highway. Under the authorities, these instructions are not open to the objections urged by appellant, and, taken with other instructions given in this cause, state the law applicable to the facts proved.

As to the fifth instruction complained of, appellant asked the court to instruct the jury that if it found that appellant was not operating said automobile at a speed of more than twenty miles an hour, plaintiff could not recover.

The law requires that automobiles shall not be run at an improper and unreasonable rate of speed, and if this law is disregarded, and injury follows to a traveler who is lawfully occupying the highway, and whose rights are equal, then the owner must respond in damages. The court did not commit error in refusing to give this instruction.

Judgment affirmed.