# Childress *v.* Smith-Echols-Burnett Hdw. Company.

## *Assumpsit.*

(Decided June 30, 1909. 50 South. 322.)

1. *Sales; Action; Price; Evidence.*—Where there was evidence which tended to show that the defendant authorized her builder to purchase certain mantels sued for on her account, it was competent to show that statements of the account were delivered to the defendant and retained by her without objection.

2. *Trial; Order of Proof; Agency.*—Where the agency is subsequently established by other evidence, the fact that proof of the acts of the agent were admitted before proof of the agency is not grounds for reversal.

3. *Principal and Agent; Evidence; Declaration of Agent.*—Where mantels were purchased by an alleged agent of the defendant, after proof of the agency, it was competent to show the agent's declarations at the time of the purchase as to his authority.

4. *Evidence; Account Book; Original Entry.*—Where the action was for the price of mantels purchased for the defendant by an alleged agent, the original entries in plaintiff's account book concerning them were admissible.

APPEAL from Gadsden City Court.
Heard before Hon. JOHN H. DISQUE.

[Childress v. Smith-Echols-Burnett Hdw. Company.]

Action in assumpsit by the Smith-Echols-Burnett Hardware Company against Mrs. Nellie A. Childress. Judgment for plaintiff, and defendant appeals. Affirmed.

The subject-matter of the suit was the price of three cabinet mantels, placed in a house built for appellant by one Keown under a contract to furnish materials and labor and construct the house at and for the sum of $750. It does not appear from the record whether the mantels were included in the specification to which the contract of building referred or not. The testimony for the plaintiff tended to show that Keown purchased the mantels as the agent of the appellant, that credit was given therefor, and the goods charged to her. The testimony for the appellant tended to show that she knew nothing of the purchase, of the price paid for the same, but knew that the mantles went into the house, and was under the impression that she paid for the mantles in making a settlement with Keown.

CULLI & MARTIN, for appellant. No estoppel arose because defendant received the account without objection. —11 A. & E. Ency. of Law, 387-8 and 427. The burden was on the plaintiff.—*Hamilton's Case*, 100 Ala. 252; *Oden v. Rutledge,* 94 Ala. 488. The burden of proving agency rested on the plaintiff.—*Sellers v. Insurance Co.,* 105 Ala. 282. Hearsay evidence is not admissible for that. purpose.—*Leland v. The Bank,* 122 Ala. 289; *St. Louis Co. v. McPeters,* 124 Ala. 451; *Banking Co. v. Smith,* 76 Ala. 572. The declarations of the agent are not admissible to prove agency where the evidence is in dispute as to the agency.—*George v. Ross,* 128 Ala. 666; *Scarborough v. Reynolds,* 12 Ala. 252; *McDougal v. Dawson,* 30 Ala. 553; *Engine Co. v. Hall,* 86 Ala. 305; *L. L. L. Co. v. Ohatchie Co.,* 111 Ala. 453.

[Childress v. Smith-Echols-Burnett Hdw. Company.]

HOOD & MURPHREE, for appellee. The receipt and re-tention of the accounts without objection was an im-plied admission of their correctness.—*Rice v. Schloss,* 90 Ala. 416; *Hirschfelder v. Levy,* 69 Ala. 351. The silence of defendant under the circumstances was a fraud such as to bring the case squarely within the prin-cipal stated in 11 A. & E. Ency. of Law p. 427.

DENSON, J.—This action was brought on an ac-count for goods, wares, and merchandise alleged to have been sold and delivered by plaintiff to the defendant. The proof shows that the goods consisted of three cab-inet mantles, that they were purchased by one Keown, and delivered to him for the defendant. There is ample testimony in the record tending to show that defendant authorized Keown to purchase the mantels on her ac-count; and for this reason the evidence showing that statements of the account were delivered to defendant, and that she received them through the United States mail and kept them, without making objection thereto, was entirely competent.—*Rice v. Schloss,* 90 Ala. 416, 7 South. 802. It makes no difference that the state ments were admitted before there was any evidence of the agency. This was irregular; but the subsequent in-troduction of such evidence saves the rulings of the court, in that respect, from reversible error.

The evidence of agency being in, it was also compe-tent to show what Keown said, at the time he purchased the mantels, in respect to the defendant's having au-thorized him to make the purchase. For the same rea-son, coupled with the proof that the entries in the book referred to by witness Smith were original entries, it was competent to refer to such entries, and even to of-fer same as evidence.

The court properly limited the contract offered in
. evidence to the purpose of affecting the credibility of
Keown's testimony. The defendant's testimony may
conflict with that offered by the plaintiff on the ques-
tion of Keown's authority to purchase the goods, but
this would only make that question one of fact to be de-
termined by the court.

We do not find, after considering all the testimony,
any error in the record prejudicial to defendant.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ.,
concur.