ROSA LAMANNA, an infant, by her next friend, FERISA LAMANNA, *vs.* JAMES R. STEVENS.

1. **MASTER AND SERVANT—INJURIES TO THIRD PARTY—ACTIONS—SCOPE OF EMPLOYMENT—EVIDENCE.**

To charge the owner of an automobile with a servant's negligence in driving the machine so as to injure a third person, it must affirmatively appear that the servant was acting within the scope of his employment.

2. **MASTER AND SERVANT—INJURIES TO THIRD PERSONS—ACTIONS—SCOPE OF EMPLOYMENT—EVIDENCE.**

In an infant's action for injuries by the negligent operation of defendant's automobile, defendant's mere admission that he owned the automobile was insufficient to show *prima facie* that the driver was acting for defendant within the scope of his employment.

(*March* 24, 1915.)

Judges BOYCE and CONRAD sitting.

*Ayres J. Stockley* and *Daniel O. Hastings* for plaintiff.

*W. W. Knowles* for defendant.

Superior Court, New Castle County, March Term, 1915.

Action by Rosa Lamanna, by her next friend, Ferisa Lamanna, against James R. Stevens. Plaintiff nonsuited.

ACTION ON THE CASE (No. 73, November Term, 1914) to recover for personal injuries to the infant plaintiff, alleged to have been occasioned by the negligent operation of defendant's automobile. When the case was called a witness for the plaintiff was absent and out of the jurisdiction.

*Mr. Knowles:*—The defendant admits that the automobile mentioned in the plaintiff's declaration was owned by the defendant, on the date of the accident as alleged in the declaration.

BOYCE, J.:—Do you also admit that the defendant was operating the machine either personally or by his servant, at the time of the accident?

*Mr. Knowles:*—No; we don't admit that.

BOYCE, J.:—Mr. Stockley, is that all you want?

*Mr. Stockley:*—That is all we want; yes, sir.

At the conclusion of plaintiff's testimony, Mr. Knowles moved for a nonsuit on the ground that while the defendant had admitted that the automobile in question was owned by the defendant, yet there had been no proof as to who operated the automobile at the time of the accident; that there is proof that a certain Hutchins was driving the car but from anything appearing in plaintiff's testimony he might have been driving it of his own volition without any authority or instructions from the defendant; and that in such a case clearly the defendant is not liable in this action. *Huddy on Automobiles* (3d Ed.) *p.* 308, § 283; *Lotz v. Hanlon*, 217 *Pa.* 339, 66 *Atl.* 525, 10 *L. R. A.* (*N. S.*) 202, 118 *Am. St. Rep.* 922, 10 *Ann. Cas.* 731; *Hardaway & Prowell v. National Surety Co.*, 150 *Fed.* 481, 80 *C. C. A.* 283; 1 *Shearman & Redfield on Neg.* § 144 (6th Ed.).

There are only two states, Maryland and Missouri, which have varied from the rule as laid down in the text of *Huddy on Automobiles*.

*Mr. Stockley:*—Mr. Knowles admits that the doctrine which I shall advance is recognized in Maryland and Missouri, but contends that that doctrine is confined to those states. It is my contention that in a great many other states proof of ownership

of the automobile is sufficient *prima facie* to go to the jury. *Schulte v. Holliday*, 54 *Mich.* 73, 19 *N. W.* 752; *Knust v. Bullock*, 59 *Wash.* 141, 109 *Pac.* 330, and cases therein cited; *Birch v. Abercrombie*, 74 *Wash.* 486, 133 *Pac.* 1020, 50 *L. R. A.* (*N. S.*) 1065, *Ann. Cas.* 1915*A*, 604; *Shearman & Redfield on Negligence* (6*th* Ed.) *p.* 384, § 158.

*Mr. Knowles:*—The only thing in this case is the admission that the automobile was owned by the defendant, and that is not sufficient. There must be other proof. *Law of Motor Vehicles* (*Babbitt*) § 559; *Shearman & Redfield on Neg.* §§ 144 and 158 (5*th* Ed.); *Lotz v. Hanlon*, 217 *Pa.* 339, 66 *Atl.* 525, 10 *L. R. A.* (*N. S.*) 202, 118 *Am. St. Rep.* 922, 10 *Ann. Cas.* 731; *Perlstein v. Amer. Ex. Co.*, 177 *Mass.* 530, 59 *N. E.* 194, 52 *L. R. A.* 959; *Maher v. Benedict*, 123 *App. Div.* 579, 108 *N. Y. Supp.* 228.

CONRAD, J., delivering the opinion of the court.

It was admitted at the beginning of this case that the defendant was the owner of the automobile in question, and it has been shown that a party named Hutchins was driving it at the time of the accident.

The contention is that the ownership being admitted, Hutchins was *prima facie* the agent or employee of the owner. Conceding this, yet it is incumbent upon the plaintiff to show that the driver was, at the time of the accident, acting for the defendant in due course of the latter's employment, and we do not think that the latter can be presumed, but must be shown by affirmative evidence.

The nonsuit moved for is therefore granted.

Thereupon, a motion was made under rule of court to take off the nonsuit. The motion coming on to be heard, counsel for the plaintiff contended, in substance, that the admission that the defendant owned the automobile at the time of the accident was *prima facie* evidence of the agency of the driver, and that the driver was acting within the scope of his employment; that the question was one easily confused with the question of what is necessary to be established in the minds of the jury in order to

find a verdict for the plaintiff; that the question now before the court is distinctly what evidence is sufficient to establish the agency of the driver for the purpose of allowing the case to go to the jury; and it was insisted that the admitted ownership of the automobile by the defendant at the time of the accident is ample evidence of the agency of the driver of the car to permit the case to go to the jury. *Ludberg v. Barghoorn*, 73 *Wash.* 476, 131 *Pac.* 1165; *Hays v. Hogan*, 180 *Mo. App.* 237, 165 *S. W.* 1125; *Norris v. Kohler*, 41 *N. Y.* 42; *Edgeworth v. Wood*, 58 *N. J. Law*, 463, 33 *Atl.* 940; *Seaman v. Koehler*, 122 *N. Y.* 646, 25 *N. E.* 353; *Svenson v. Steamship Co.*, 57 *N. Y.* 108; *Railway Co. v. Callaghan*, 157 *Ill.* 406, 41 *N. E.* 909; *White v. People's Railway Co.*, 6 *Penn.* 476, 72 *Atl.* 1059; *Hansell v. Levy*, 5 *Houst.* 407.

Counsel for the defendant contended in substance that it was incumbent upon the plaintiff to establish the existence of the relation of master and servant, or agency between owner and driver, as alleged in her declaration; that there was no evidence that Hutchins, the driver, was ever seen operating the defendant's automobile before the time of the accident, or that he was ever known to act for the defendant in the capacity of his servant or agent; that it was part of the plaintiff's case to prove that the driver was the servant of the defendant at the time of the accident; that it was necessary for the plaintiff to show not only the ownership of the car, which is admitted in this case, but that the person driving it at the time of the accident was the defendant's servant, and that the latter was at the time engaged in the master's business, with the knowledge and direction of the master. *Hannigan v. Wright*, 5 *Penn.* 540, 63 *Atl.* 234; *Huddy on Automobiles*, § 283, *p.* 308 (3d *Ed.*); *Shearman & Redfield on Neg.* § 144 (6th *Ed.*); *Brohl v. Lingeman*, 41 *Mich.* 711, 3 *N. W.* 199; *Cavanagh v. Dinmore*, 12 *Hun.* (*N. Y.*) 468; *King v. N. Y. C. & H. R. R. Co.*, 66 *N. Y.* 184, 23 *Am. Rep.* 37; *Lewis v. Amorous*, 3 *Ga. App.* 50, 59 *S. E.* 338.

CONRAD, J., delivering the opinion of the court.

[1, 2] The contention of counsel for the motion is to the effect that the admission of the defendant that he was the owner

of the automobile, together with the testimony that one Hutchins was driving it at the time of the accident, establish *prima facie* that the driver was the servant of the defendant, and acting within the scope of the latter's employment.

It seems to the court that the evidence was not sufficient to warrant the jury in finding that at the time of the accident the automobile was in charge of the defendant's servant or that the driver was acting within the scope of the defendant's employment. There must be some affirmative evidence of the relation of master and servant, and that the servant was acting within the scope of his master's employment at the time of the injury complained of before there can be recovery.

It seems to us that the mere presumption of such relation and such service from the proof or admission of the ownership of the car, unsupported by other evidence, is insufficient to warrant a verdict against the owner thereof.

In reaching this conclusion we feel that the court now sitting is following the practice that has heretofore obtained in the courts of this state, and we regret that a writ of error cannot be taken in this case.