Nicholas Cerchio, an infant under the age of twenty-one years, by his next friend, Nicholas Cerchio, *v.* John T. Mullins.

Nicholas Cerchio *vs.* John T. Mullins.

(*November* 17, 1922.)

Rice and Rodney, J. J., sitting.

*George W. Lilly*, of Wilmington, for plaintiffs.

*William W. Knowles*, of Wilmington, for defendant.

Superior Court for New Castle County, May Term, 1922. Nos. 135 and 136, January Term, 1922.

RODNEY, J., delivering the opinion of the court:

The first question to be determined is the propriety of the admission of the testimony of the witness, Pippin, relative to the declarations of the son on the way to the hospital shortly after the accident to the effect that he, the son, at the time of the accident was on his way to Marshallton for papers for his father, the defendant. No objection was made to this testimony when offered. However, such testimony alone is not competent for the purpose of proving the agency of the son for the father. Agency cannot be proved by the declarations or statements of the agent (as distinguished from his testimony as a witness). *Mechem*

*on Agency, Md. Ed.,* § 285; 2 *C. J.* 935, and cases there cited; 10 *Enc. of Ev.* 15; *Oldham v. Cooper,* 5 *Del. Ch.* 151 at 156. The authorities cited by the plaintiff are noti n conflict with this conclusion. Neither *Geylin v. De Villeroi,* 2 *Houst.* 311, nor *Hansell v. Levy,* 5 *Houst.* 407, holds that agency can be proved by the admissions of the agent in the absence of the principal but simply determine that agency may be implied or inferred from circumstances, and that when the agency is once proved and the acts of the agent would bind the principal then the germane representations or admissions of the agent would likewise bind the principal. With this we are in perfect accord.

In *Phleger v. Ivins,* 5 *Harr.* 118, the court held that the agent's acts or declarations were not evidence, unless the agency be proved.

■ Some cases hold that the acts or declarations of the agent are not admissible until the agency be otherwise proved, yet it has been held, since the order of proof is in the discretion of the court, it is sufficient if the proof of the agency be supplied at a later stage of the trial. *Mechem on Agency,* § 288; *Childress v. Smith,* 162 *Ala.* 371, 50 *So.* 322; *Taylor v. Mason,* 28 *Kan.* 381.

■ While the acts or declarations of the agent are not admissible for the purpose of establishing the agency, yet the authorities are numerous to the effect that they may be received in corroboration of that fact when it has been proved *aliunde* and such acts or declarations have often been admitted for such purpose.

If the declarations of the supposed agent, the son, therefore, cannot be considered in connection with the establishment of the agency the sole source to which we may look for this proof is the testimony of the father to the effect that in the past the son had gone on errands for the father. The exact time of these errands does not appear other than before the car was remodeled.

■ There are no strengthening inferences as to agency of the son or liability of the father to be drawn from the relation of parent and child. As we charged the jury in this case, "a parent is liable for the torts of his minor children, living with him, only when he would be liable for the tort or negligence of an employee

under similar circumstances, or when he participates in the tort by authorizing or ratifying it. There is no such relation existing between parent and child as will make the acts of the child any more binding upon the parent than the acts of any other person." To this point, therefore, the proof only tends to show that the person, upon whom agency is sought to be fixed, has at some undisclosed time in the past acted as the agent of the defendant in the operation of a motorcar.

In *Lamanna v. Stevens*, 28 *Del.* (5 *Boyce*) 402, 93 *A.* 962, the plaintiff proved the ownership of the car in the defendant and relied upon this fact to establish a *prima facie* case to be rebutted by the defendant as to the question of agency for the owner of the operator at the time of the accident. The court considered a *prima facie* case had not been made out, holding "there must be some affirmative evidence of the relation of master and servant, and that the servant was acting within the scope of his master's employment at the time of the injury complained of before there can be a recovery."

We do not see how the bare and unsupported fact that an operator of the car had, at some undisclosed time in the past, operated the car as the agent of the owner can be sufficient to warrant the jury in assuming the agency of the operator at the time of the accident complained of. The adoption of such a ruling as this would be tantamount to saying that there could be no case taken from a jury where at the time of the accident a chauffeur was operating the car, no matter how foreign to the business of the master was the employment of the car at the time complained of, for in almost every case where a chauffeur was involved there would be little difficulty in showing some act of operation of the car in the service of the master at some time in the past. Such a ruling by this court, it seems to us, would be entirely inconsistent with all the authorities in this and other jurisdictions.

While this court approaches with hesitation the reconsideration of question of law in a case where the jury has rendered a verdict on the facts, yet such reconsideration will be had and a new trial granted when thoroughly convinced that error has crept

in and the verdict cannot be supported upon any established rule of law. A due regard for the rights of the parties and a consideration of the delay and expense of appellate proceedings impels such action.

In *Coe v. Johnston*, 6 *Houst.* (11 *Del.*) 9, the court held that what constitutes agency is a question of law addressed to the court, and it is within the province of the court to determine whether all the evidence submitted by the plaintiff is sufficient in contemplation of law to establish the agency alleged, and if in the opinion of the court it is not, to instruct the jury to return a verdict for the defendant. This case has much similarity to the present case, in that in the cited case a witness had proved that at a prior time the person sought to be established as an agent had in fact acted as agent for the defendant.

A new trial is therefore granted.

Both cases (*Nos.* 135 and 136, January term, 1922) were retried as one action at the March term, 1923, PENNEWILL, C. J., and RICE and RODNEY, J. J., sitting.

At this trial, the plaintiffs contended that at the time of the accident relied on the automobile of the defendant was being operated by his minor son, John Mullins, and the relationship between the defendant father and his son with regard to such automobile was of such a character that the father was responsible for the negligent acts charged against the son.

The defendant denied the acts of negligence charged by the plaintiffs, and claimed that the injuries received by Nicholas Cerchio, the minor, were wholly due to his own negligence.

He further claimed that at the time of the accident the automobile in question, while owned by him, was being used by his son, John Mullins, in furtherance of his son's own business with which the defendant had no connection whatever; that his son therefore was not his agent, and he could not be held responsible for his son's acts, even if there had been negligence on the part of his said son.

RODNEY, J., charged the jury, in part, as follows:

"We have been requested, among other things, to charge you that the act of the defendant, in allowing his son to use his automobile after an alleged warning of the son's reckless use thereof, if proved to your satisfaction, renders the father liable for any subsequent negligence of the son. This we decline to do, for while it is true that the operation of automobiles is attended with danger not common to ordinary vehicles, and that those who operate them must be held to that degree of care, which is commensurate with the dangers naturally incident to their use, there is abundant, and we think controlling authority to the effect that an automobile is not in itself dangerous, or such a dangerous instrumentality as to make the owner of a car liable for the negligent operation of it by another, regardless of the principles of master and servant or principal and agent. Unlike gunpowder, dynamite, and the like, or unlike even vicious animals, until the human agency intervenes, they are usually harmless. If this be true, they must be immune from the taint of negligence arising simply from their use.

"It is admitted in this case that the automobile in question belonged to the defendant; that at the time of the accident it was being operated by John Mullins, the minor son of the defendant. If you should find from the evidence that at the time of the accident the son was employed in furtherance of his father's business, or performing an errand for him, at his request, either express or implied, then we say to you that his father, the defendant, would be liable for damages sustained by his negligence while so employed.

"We further say to you that if you find from the evidence that the son, John Mullins, was using the car in question solely for his own purposes and business, and that his father had no connection or association in the business for which the automobile was being operated, then in that case the plaintiff cannot recover. For we say to you, that in this state a parent is liable for the torts of his minor children, living with him, only when he would be liable for the tort or negligence of an employee under similar circumstances, or when he participates in the tort by authorizing or ratifying it. There is no such relation existing between the parent and child as will make the acts of the child any more binding upon the parent than the acts of any other person. Accordingly, if the child commits a tort not in the course of the parent's affairs and neither authorized or ratified by the parent, expressly or impliedly, the latter is not liable for the consequences of such act."

Verdict for plaintiffs.