SEWARD et al. v. NISSEN et al.
Civil Action No. 142.

District Court, D. Delaware.
Nov. 19, 1942.

546

William H. Bennethum, of Marvel & Morford, of Wilmington, Del., and Calvin E. Cohen, of Baltimore, Md., for plaintiffs.

Horace Greeley Eastburn, of Wilmington, Del., for defendants.

LEAHY, District Judge.

Defendants have moved for summary judgment under rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in an action seeking recovery for personal injuries resulting from a collision on August 20, 1939, between a car occupied by plaintiffs and another in which defendants were riding. The affidavits accompanying defendants' motion assert that defendants were not the owners of the car in which they were riding, but that it belonged to one Ralph Tue—not a defendant herein—who, on the day in question, had agreed to transport them for Six Dollars from Dover, Delaware, to Ocean City, Maryland, and return. Plaintiffs' sole counter-affidavit is that of one of their attorneys who avers that some time after the accident Tue gave a written statement that he worked for defendants at the time of the accident. It is agreed by all that defendants are not liable unless Tue was their servant.

Defendants argue that there remains no genuine issue of fact left in the case since their affidavits show clearly that they were passengers for hire in Tue's car, whereas plaintiffs' counter-affidavit is pure hearsay.

In the absence of counter-affidavits denying the facts in defendants' affidavits, I must accept the facts contained therein as undisputed and true. Allen v. Radio Corporation of America et al., D.C.Del., 47 F.Supp. 244. Affidavits filed by a party in support of or in opposition to a motion for summary judgment must present evidence. The affidavits should follow "substantially the same form as though the affiant were giving testimony in court." Shientag, Summary Judgment, 4 Fordham Law Review 186, 198.

The affidavit of plaintiffs' attorney is clearly hearsay. It is not even admissible as a vicarious admission absent corroboration of the declarant's agency. Cerchio v. Mullins, 3 W.W.Harr. 245, 33 Del. 245, 138 A. 277, so holds and, although I am not bound under Rule 43(a) of the Rules of Civil Procedure to follow Delaware decisions on the exclusion of evidence (United States v. Aluminum Co. of America, S.D.N.Y., 1 Fed.Rules Serv. 43a. 3, Case No. 1), I nevertheless agree with the holding of the Cerchio case and would exclude the matters appearing in the affidavit of plaintiffs' attorney as hearsay if they were offered at the trial of this cause. In connection with motions for summary judgment under Rule 56, hearsay statements in affidavits must be disregarded. Boerner v. United States, D.C.E.D.N.Y., 26 F.Supp. 769.

Moreover, the function of a motion under Rule 56 is to obtain a preliminary analysis and evaluation of the evidence: "to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there are no genuine issues of fact to be tried." 3 Moore's Federal Practice § 5601, p. 3175. If plaintiffs were unable to file affidavits containing other than hearsay evidence in opposition to the motion, other methods were available to them under the Rules of Civil Procedure to discover the real facts. See Moore, op. cit., § 56.08, p. 3189. This they failed to do.

Upon the state of the record before me, Tue was not the servant of defendants at the time the collision occurred. Accordingly, defendants have a valid defense to the action. Judgment on the motion should be for defendants.