H. I. HETTINGER & COMPANY, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. JESÚS A. GONZÁLEZ, JUDGE, Respondent; FÉLIX A. LEÓN, Intervener.

No. 1757.    Argued June 1, 1948.—Decided July 12, 1948.

*McConnell & Valdés* for petitioner. *R. Martínez Álvarez* and *R. Martínez Álvarez, Jr.,* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Félix A. León brought, in the District Court of San Juan, an action against H. I. Hettinger & Co. and H. I. Hettinger, and alleged in substance that the plaintiff and the defendants entered into a contract of partnership whereby the joint contribution to a common fund and the sharing in the profits were agreed; that pursuant to his obligation he delivered to the defendants and the latter received to their entire satisfaction the sum of $5,000, and he proceeded to discharge his duties under the said contract of partnership; that on November 29, 1946, and by mutual agreement of the parties, said partnership was dissolved and the defendants delivered to him the $5,000 capital contributed by him and bound themselves "to turn over to you a portion of the profits of the work at such a time as the contract is liquidated and we know what those profits are"; and that notwithstanding the demands made upon the defendants to pay to him the profits obtained since the constitution of the partnership, the defendants have refused to make a liquidation or a settlement of accounts.

The defendant Hettinger in his answer denied all the averments of the complaint, and alleged that the complaint did not state facts sufficient to constitute a cause of action as to him. H. I. Hettinger & Co. answered and admitted the execution of the contract and the receipt of the $5,000 mentioned in the complaint, and also that said contract was rescinded by mutual agreement of the parties. It denied the remaining averments of the complaint, and set up, as a special defense, that said complaint failed to state facts

sufficient to constitute a cause of action and that if any partnership existed between said defendant and the plaintiff, the same had been rescinded by mutual agreement since the plaintiff had entered into a new contract of accord and satisfaction with the defendant, whereby the former received, to his entire satisfaction, the refund of the $5,000, and the defendant was relieved from any other obligation under the contract as well as from any further obligation towards the plaintiff; and that from the time said contract was rescinded by mutual agreement no contract has existed between the parties.

The defendants also filed a motion for a summary judgment, accompanied by an affidavit subscribed by defendant Hettinger. The plaintiff thereupon filed an opposition to said motion likewise accompanied by an affidavit.

After hearing the motion for a summary judgment, the lower court sustained it, and dismissed the complaint, with costs against the plaintiff. The latter thereupon requested a reconsideration of that decision and the court entered an order reconsidering its former judgment and denying defendants' motion. We issued the writ of certiorari in this case to review said order.

The intervener, Félix A. León, contends that this Court lacks jurisdiction to grant the writ of certiorari sought by the petitioners (a) because the same is not authorized by law; (b) because the denial of a motion for a summary judgment does not constitute an error of procedure; (c) because the decision in *Ramos* v. *People*, 67 P.R.R. 600, is not applicable to the case at bar; (d) because the courts should act cautiously in applying Rule 56; (e) because the issuance of a writ of certiorari is discretionary with this Court; and (f) because the mere fact that an order is not appealable does not determine that the writ lies. As to the contentions advanced by the intervener under letters (a), (b), (e), and (f), it will suffice to cite the opinion rendered by this Court on June 23, 1948, in case No. 9628, entitled

*Pérez* v. *District Court, ante,* p. 4 in which we made a careful study of the writ of certiorari and of the cases in which the issuance thereof lies. The contentions set up under letters (*c*) and (*d*) will be discussed in the opinion herein.

■■ Rule 56 (*b*) (*c*) of the Rules of Civil Procedure for the courts of Puerto Rico provides that:

"(*b*) A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(*c*) The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. *The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" (Italics ours.)

Was a summary judgment proper in this case? That is the essential question to be decided herein. As we have already stated, when the defendants filed their motion for a summary judgment, they attached thereto an affidavit subscribed by the defendant Hettinger. The plaintiff also attached an affidavit to his opposition. Rule 56, *supra,* clearly permits the filing of such affidavits. In deciding the motion the court takes, of course, into consideration the contents of the affidavits. A summary judgment will therefore lie if said affidavits show that there is no issue as to any material fact. If there be such an issue, the court should refrain from rendering a judgment of this sort. *Ramos* v. *People, supra.* However, in deciding motions for summary judgment the courts should always act cautiously, and the motions should not be sustained where there is a *bona fide* dispute as to any fact between the parties. *Sartor* v. *Arkansas Gas Corp.*, 321 U.S. 620; *Associated Press* v. *United States*, 326 U.S. 1, 6.

■■ But, although according to the complaint filed by the intervener, the case seems to hinge on the scope which should be given to the allegation that the defendants bound themselves to turn over to the plaintiff a portion of the profits of the job at such time as the contract entered into by them were liquidated and the amount of the profits were known, it is unquestionable that in order to decide a motion for a summary judgment there should be taken into consideration, not only what is set forth in the complaint but also what is stated in the affidavits filed by the parties in support of their respective claims. The affidavit filed by the defendant Hettinger contains a copy of a letter written by the intervener León - to the defendant corporation on November 22, 1946, which reads as follows:

"I have received all•your nasty notes: You know very well that I am fed up with you: I want my release; Send me a check for $5,000 that I gave you for overhead participation, and let's call it a day, I think this is all you want: I will be here until the end of the month."

Hettinger further declared in · his affidavit that on November 29, 1946, the defendants wrote to León a letter agreeing to his demand to be relieved from further responsibility under the contract, sent him a check for $5,000, and stated the following:

"Although all this cancels our agreement it is my present intention to turn over to you portion of the profits of the job at such time as the contract is liquidated and we know what those profits are. I hope that you will be able to look back on your two months with us as a profitable venture."

However, since in the affidavit filed by the intervener together with his opposition to the motion for a summary judgment the following paragraph appears:

"The undersigned hereby deposes that Mr. H. I. Hettinger, abusing his power and the office he held, used insults, offensive words, satires, and impositions which inspired in the undersigned a reasonable and well-grounded fear that he was in

imminent danger of receiving injury to his reputation as an engineer, and to the esteem and respect which up to that time he had enjoyed among his employees, and affiant further deposes that acting under said reasonable fear, the undersigned's will was converted into the will of Mr. H. I. Hettinger, and this prevented him from expressing his own will, with the result that on November 22, 1946, he wrote to Mr. H. I. Hettinger the following letter, an examination of which shows the state of mind in which the affiant was when he wrote it,"

said affidavit must be also taken into consideration in connection with the motion filed.

There is no doubt that in the original complaint there is no allegation of intimidation, but when in an affidavit filed in opposition to a motion for a summary judgment there appear facts which go beyond the allegations of the complaint and which justify an amendment thereto, such an amendment should not be prevented by the entry of a summary judgment. *Rossiter* v. *Vogel*, 134 F. 2d 908. It has also been held that if in the affidavit filed by the plaintiff there appear facts which go beyond the allegations of the complaint, said complaint should be treated as though it were amended to conform it to what is set forth in the affidavit. *Seaboard Terminal Corporation* v. *Standard Oil Co.*, 104 F. 2d 659.

██ In the present case León's affidavit goes beyond the complaint itself. But does said affidavit comply with the requirements of subdivision (e) of the cited rule and with the construction which has been given to said rule? We think not. The above-mentioned subdivision of Rule 56 provides as follows:

"(e) *Form of Affidavits; Further Testimony.*—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ."

Construing said subdivision, in vol. 3, Moore's Federal Practice, p. 3187, it is said that "The affidavit must present evidence and not restate the allegations or denials in the pleadings"; and that "It is not enough for the affiant to state that he has personal knowledge of the facts asserted by a party, but he must state facts in detail which show that he has personal knowledge."

In 4 Fordham Law Review, 1935, at pp. 186 *et seq.*, there appears an article by Judge Bernard L. Shientag of the Supreme Court of New York, on Summary Judgments, in which the author says at p. 198:

"The affidavit should proceed in logical sequence. State whether the affiant is twenty-one or over—if not, give his exact age, his address, his present occupation and connection with the case. Then state clearly and concisely the facts, the evidentiary facts, not ultimate facts or conclusions, of which the affiant has personal knowledge. . . Let the affidavit follow substantially the same form as though the affiant were giving testimony in court. That is always the safe way to proceed."

In *Seward* v. *Nissen*, 2 F.R.D. 545, the principle is set forth that "affidavits filed by a party in support of or in opposition to a motion for summary judgment must present evidence," and the above-quoted words of Judge Shientag are cited. See also *Peckham* v. *Ron Rico Corporation*, 10 Federal Rule Service, 29; 1946, Annual Survey of American Law, 1134, 1135; *Avrick et al.* v. *Rockmont Envelope Co.*, 155 F. 2d 568; and *Schreffer* v. *Bowles*, 153 F. 2d 1.

In view of subdivision (*e*) of Rule 56 and the construction which has been given to it, we deem it indispensable to determine whether the affidavit filed by León, to which we have already referred, contains facts admissible in evidence and whether it affirmatively shows that the affiant is competent to testify regarding the facts stated therein. In said affidavit León states that Hettinger abusing his power and the position he held, used insults, offensive words, satires, and impositions which inspired in the affiant a reasonable

and well-grounded fear that he was in imminent danger of receiving injury to his reputation as an engineer. Such statements are doubtless conclusions of the affiant and it could not be at all stated that they involve facts which would be admissible in evidence and to which León could testify in a court. He fails to state of what the insults, offenses, satires and impositions consisted. Under these circumstances, his affidavit does not comply with the requirements of the above-mentioned rule and therefore it does not show that there is a genuine issue of a material fact which prevents the rendition of a summary judgment.

█ As it has been seen, the present suit arose from the letter written on November 29, 1946, by the defendant to León. If the defendants had confined themselves to the return to León of the $5,000 which the latter had contributed to the business, there is no doubt that the present action would not have been brought. But they went further in said letter and stated therein: ". . . it is my present intention to turn over to you portion of the profits of the job at such a time as the contract is liquidated and we know what those profits are. . ." Nevertheless, those words can not be construed as a promise which gave rise to an enforceable obligation. They rather constitute an act of liberality on the part of the defendants. There was no consideration involved and no contract between the parties arose therefrom. The lower court erred in reconsidering the summary judgment it originally entered, since said judgment had been properly rendered.

The order rendered by the lower court on February 11, 1948, should be set aside and a summary judgment entered dismissing the complaint in all its parts, with costs against the intervener.

Mr. Justice De Jesús did not participate herein.